**STANBERY et al. v. WALLACE et al.**

No. 1310—5812.

Commission of Appeals of Texas, Section B.
Jan. 27, 1932.

Dibrell & Starnes and J. B. Dibrell, Jr., all of Coleman, for plaintiffs in error.

Critz & Woodward, of Coleman, for defendants in error.

LEDDY, J.

A proper disposition of this case turns upon the question as to whether a deed from J. M. Bailey to the county judge of Coleman county conveyed a fee-simple title or an easement for street purposes. The material portion of the deed reads as follows:

"Do grant, sell and convey unto the County Judge of Coleman County, Texas, and his successors in office, of the County of Coleman and State of Texas, all that certain real estate situated in the town of Coleman in the County of Coleman and State of Texas, viz: Lots Nos. Three (3) and Four (4) in Block No. Thirteen (13) of Phillips Addition to the town of Coleman, the two lots herein conveyed being deeded for the following purpose and trust, the said two lots are to be forever used as a street connecting the court house square on the east end of said lots with the Concho Street on the west end of said lots, and to be never used for any other purpose.
"J. M. Bailey."

Plaintiffs in error contend that Bailey by this deed conveyed a mere easement for street purposes, the fee to the land remaining in him, and that, when he subsequently conveyed a lot abutting on this street to Henderson, the latter took title to the center of the street, subject to the easement for street purposes; that, when the city voluntarily abandoned the use of said property as a street, the owner of said abutting lot became vested with an absolute title to said land.

The deed in question must be construed most favorably to the grantee, so as to confer upon him the largest estate which a fair interpretation of its terms will permit. Cartwright v. Trueblood, 90 Tex. 535, 39 S. W. 930, 931; Wofford v. McKinna, 23 Tex. 36, 76

Am. Dec. 53; Ragsdale v. Robinson, 48 Tex. 379; Curdy v. Stafford, 88 Tex. 120, 30 S. W. 551.

If the granting clause of a deed conveys a right of way over land for street purposes, it will not be held to convey the fee. Right of Way Oil Co. v. Gladys City Oil, Gas & Mfg. Co., 106 Tex. 94, 157 S. W. 737, 51 L. R. A. (N. S.) 268; West Texas Utilities Co. v. Lee (Tex. Civ. App.) 26 S.W.(2d) 457.

It will be observed that the granting clause of the deed under consideration does not purport to grant over this land a right of way for street purposes, but that it conveys the land itself. It is true such clause is followed by a recital restricting the use of the land to street purposes. Such restriction, however, does not operate to limit the grant to a mere easement, as it is generally held that, if the granting clause conveys a fee title to the property, subsequent recitals, which merely limit the use to which the same may be put, do not restrict the conveyance to an easement. Olcott v. Gabert, 86 Tex. 121, 23 S. W. 985; Ryan v. Porter, 61 Tex. 106; Killgore v. Cabell County Court, 80 W. Va. 283, 92 S. E. 562, L. R. A. 1918B, 692; Green v. Gresham, 21 Tex. Civ. App. 601, 53 S. W. 382; Long v. Moore, 19 Tex. Civ. App. 363, 48 S. W. 43.

Whether the language restricting the use of this property is such as to create a condition, or whether it should properly be construed as a covenant, is not material to a decision of this case, because it appears that Bailey, by a subsequent deed to the city of Coleman, fully released this property from the restrictive conditions imposed by his former deed.

Our conclusion that the deed in question conveyed the title to the property and not an easement in no way conflicts with the decision of the Court of Civil Appeals in the case of West Texas Utilities Co. v. Lee, cited supra. The granting clause of the deed there under consideration was as follows: "Have bargained, sold and conveyed and by these presents do bargain, sell and convey unto the County of * * * State of Texas for road and watering purposes, all of the following described tracts," etc.

The distinction between the Lee Case and this one is obvious. In the former, the granting clause of the deed involved did not convey the land, with subsequent language restricting the use to which the same might be put. It only purported to convey "for road and watering purposes" the land described. Here the granting clause conveys without limitation the land itself which is followed by a recital restricting the use of the land conveyed to street purposes.

Again, the Lee Case is distinguishable from this one, in that the Court of Civil Appeals

there found that the deed was executed in pursuance of a contract between the county and the grantor for a right of way across her land. Construing this deed in the light of all the attendant facts and circumstances, as it was proper to do, there was disclosed a clear purpose of the parties to the deed to convey only a right of way.

We have no such state of facts in connection with the execution of the deed under consideration. We are called upon to ascertain the intention of the parties solely from the language used in the deed, as the record shows no extrinsic facts or circumstances surrounding its execution.

The restriction in the deed under consideration is very similar to those contained in deeds which have been construed by our courts not to create an easement, but to pass the fee title. Stevens v. G., H. & S. A. Ry. (Tex. Com. App.) 212 S. W. 639; Ryan v. Porter, 61 Tex. 106.

It follows from what we have said that Bailey's deed to Henderson to lot 5 did not convey title to the center of the street on which the lot abutted because the former had by his prior deed parted with the fee to the land upon which the street was situated. The Court of Civil Appeals therefore correctly held that plaintiffs in error failed to show any title to the land in controversy.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.