TEXAS & PACIFIC RAILWAY COMPANY V. DECK MARTIN ET AL.

No. 6409.   Decided May 16, 1934.
(71 S. W., 2d Series, 867.)

*Touchstone, Wight, Gormley & Price,* of Dallas, for plaintiff in error.

The Court of Civil Appeals erred in holding that as a matter

of law the deed conveyed a mere easement in that said construction of the deed is violative of elemental rules of construction imposed by Article 1291 of the statutes. Stanberry v. Wallace, 45 S. W. (2d), 198; Brigthwell v. International & G. N. Ry. Co., 121 Texas, 338, 49 S. W. (2d), 437; Morriss v. Hesse, 210 S. W., 710.

*E. P. Bryan* and *Lee R. Stroud,* of Dallas, for defendants in error.

There was no error in the Court of Civil Appeals holding that the face of the deed as a matter of law conveyed an easement and not the fee. West Texas Utilities Co. v. Lee, 26 S. W. (2d), 457; Stanberry v. Wallace, 45 S. W. (2d), 198.

*W. G. Banks, Banks & McLemore,* of Longview, filed argument as amicus curiae.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was filed in the District Court of Dallas County, Texas, by Deck Martin and Charlie Rogers against Texas & Pacific Railway Company to recover title and possession of certain real property in the City of Dallas, Dallas County, Texas, fully described in the deed which is later fully set out in this opinion. Trial in the District Court, where the case was submitted to a jury on special issues, resulted in a verdict on which the trial court entered a judgment for the railway company. On appeal to the Court of Civil Appeals, that court reversed the judgment of the district court, and rendered judgment for Deck Martin and Charlie Rogers. 53 S. W. (2d), 515. The railway company brings error.

On November 11, 1872, Terrell Martin and wife, Sela Martin, both now deceased, owned, in fee simple, the property here involved. On that date they executed and delivered to the railway company the following deed:

"Terrell Martin & Sela Martin         The State of Texas
        To Deed                    County of D
"Texas & Pacific R. R. Co.

"Know all men by these presents, That we, Terrell Martin and Sela Martin, his wife, of the County of Dallas, in the State of Texas, in consideration of the sum of Four Hundred and Fifty silver Dollars, paid to us by Littlefield & Thompkins, J. E. Hawkins, Adams & Leonard, L. Elliott & others, as per list of the County of Dallas, State of Texas, the receipt of which is hereby acknowledged, have granted, bargained, sold and re-

leased, and by these presents, do grant, bargain, sell and release unto the Texas and Pacific Railroad Co. for Depot purposes and uses, all that tract of land in the city of Dallas, being part of an acre sold to us by John J. & Susan A. Good, bounded as follows, viz: Begining at the S. E. line of said acre at a stake in its center 104½ feet from its East corner, said stake being the South corner of the part of said acre sold to us by Thomas Bowles. Thence N. 42½ W. through the center of said acre 179 feet to Swiss Street. Thence with Swiss Street S. 45 W. 34 feet, to a stake on the edge of the right of way granted by us to the H. & Texas Central R. R. Co. Thence S. 27 E. 188 ft. with said right of way 188 ft. to the S. E. Line of said acre. Thence N. 45 E. with said S. E. Line 90 feet to the beginning, the same to be permanently used by said R. R. Co. for depot purposes, on the Pacific Ave. route through Dallas. Together with all and singular the rights, members, hereditaments and appurtenances to the same belonging, or in anywise incident or appertaining.

"To have and to hold all and singular the premises above mentioned unto the said Texas and Pacific R R Co., Their heirs and assigns forever. And we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Company, their heirs and assigns against every person whosoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands and seals, using scrowl for seal this 11th day of November, A. D. 1872.

|  | his |  |  |
| "Terrell | X | Martin | (Seal) |
|  | mark |  |  |
|  | her |  |  |
| "Selee | X | Martin | (Seal)" |
|  | Mark |  |  |

The above deed was duly acknowledged as required by law.

The railway company went into possession of the property described in the above deed, and used and occupied it "for depot purposes and uses" until 1922, when it finally abandoned it for such purposes and uses. Since that time the railway company has used the Union Depot about a mile distant. We will not attempt to go into the history leading up to the abandonment of this property "for depot purposes and uses." It is sufficient to say that it was done at the request and demand of the City, and for general public welfare. Terrell Martin died in 1886 and Sele Martin in 1891.

This suit was filed September 13, 1923, by Deck Martin

and Charlie Rogers as the heirs of Terrell and Sele Martin. They seek recovery of the land described in the above deed on the ground that the abandonment of the property for depot purposes and uses entitles them, as the only heirs of the original grantors, to repossess it. This contention was rejected by the district court but sustained by the Court of Civil Appeals.

If we understand their briefs, counsel for Martin and Rogers contend that when viewed n the light of this record, the above deed conveyed a mere easement, and, if not an easement, it was a conveyance on condition. We think the deed conveyed a fee simple title, not an easement, and not a title on condition.

In connection with the above we hold it is the rule in this State, and also the general rule, that the fee passes by a deed containing a recital which merely declares the contemplated use of the land, where the other parts of the deed operate as a fee simple conveyance. We think further that this deed clearly comes under such rule. Stanberry v. Wallace (Com. App.), 45 S. W. (2d), 198 and authorities there cited; 8 R. C. L., p. 1103, 161; 18 C. J., p. 336, 335; Downen v. Rayburn, 214 Ill., 342, 73 N. E., 364; 3 Am. & Eng. Anno. Cas., 36 and notes on pages 38, 39.

In the Stanberry case, supra, Judge Leddy thus announced the rule:

"It will be observed that the granting clause of the deed under consideration does not purport to grant over this land a right of way for street purposes, but that it conveys the land itself. It is true such clause is followed by a recital restricting the use of the land to street purposes. Such restriction, however, does not operate to limit the grant of a mere easement, as it is generally held that, if the granting clause conveys a fee title to the property, subsequent recitals, which merely limit the use to which the same may be put, do not restrict the conveyance to an easement. Olcott v. Gabert, 86 Texas, 121, 23 S. W., 985; Ryan v. Porter, 61 Texas, 106; Killgore v. Cabell County Court, 80 W. Va., 283, 92 S. E., 562, L. R. A., 1918 B, 692; Green v. Gresham, 21 Texas Civ. App., 601, 53 S. W., 382; Long v. Moore, 19 Texas Civ. App., 363, 48 S. W., 43."

In Olcott v. Gabert, 86 Texas, 121, 23 S. W., 985, cited by Judge Leddy in the Stanberry opinion, the rule is thus announced:

"The first question arises upon the effect of the deed from the railway company to Bishop Dubois. That conveyance purports to be in consideration of the sum of $5, and grants the

property to C. M. Dubois, bishop of Galveston, and his successors in office, for the use of the Roman Catholic Church. The habendum clause is as follows: 'To have and to hold, all and singular, the premises above mentioned unto the said C. M. Dubois, bishop of Galveston, for the use aforesaid, and to his successors and assigns forever.' We are of the opinion that the grantee took under the deed a fee simple title in trust for the benefit of the church whose officer he was. There are no conditions subsequent expressed, and although they may be implied, they are not favored in law. It may be that the consideration expressed should be deemed nominal and that the conveyance should be treated as voluntary. And it is true that a condition will be more readily implied in a deed of that character than in one which rests upon a valuable consideration. Yet the rule is well recognized, that the mere declaration of the uses to which the granted premises are to be applied do not ordinarily import a condition."

8 R. C. L., supra, states the rule as follows:

"A condition will not be raised by implication from a mere declaration in the deed that the grant is made for a special and particular purpose without being coupled with words appropriate to make such a condition. Such recitals are usually construed as giving rise, at most, to an implied covenant that the grantee will use the property only for the specified purpose, * * * "

18 C. J., supra, thus states the rule:

" * * * But a fee will pass by a deed containing a clause or recital which is merely declaratory of the use contemplated of the land where the other parts of the deed operate as a conveyance of the fee. * * * "

We quote the following from the opnion in Downen v. Rayburn, supra, to show the deed there construed:

"On July 28, 1856, William R. Downen was the owner in fee of lot 16 in block 5, in the original town, now village of Industry, and on that day he and his wife executed a deed, conveying such lot to five persons, 'trustees of the Industry Congregation of the Cumberland Presbyterian Church of the county of McDonough and state of Illinois.' The deed recited that William R. Downen and wife, party of the first part, for and in consideration of the sum of one dollar paid by said trustees as party of the second part, granted, bargained and sold unto the said party of the second part and their successors in office, 'a certain tract or parcel of land to be used as a church location, situated in the state of Illinois, county of McDonough, being a part of the south-east quarter of section 15, in town-

ship 4, north of range 2 west, and more particularly described as follows: Lot No. 16, in block No. 5, in the town of Industry, together with all and singular the hereditaments and appurtenances thereunto belonging or in any way appertaining, to have and to hold the said premises as above described, with the appurtenances unto the said party of the second part, and their successors in office forever.' * * * ."

The Supreme Court of Illinois construed the above deed as a conveyance of the fee simple title, holding that the clause, "to be used as a church location," was merely declaratory of the purposes of the conveyance, and did not render the estate conveyed conditional.

When we come to construe this deed in the light of the above rule, we must conclude that it conveyed the absolute fee simple title. It recites a cash consideration of $450.00. Certainly this was not a nominal consideration, and there is nothing in the record to show that it was not then the lot's fair value. The land conveyed was not a strip across a larger tract for right of way purposes, but was a distinct tract in the City of Dallas. The granting clause does not purport to grant an easement over this land; on the other hand, the land itself is granted. The habendum and warranty clauses are in the usual form for conveying the fee simple title. Certainly no court would hold that this instrument only conveyed an easement, or a title on condition, merely because it recited the fact that the land was conveyed for depot purposes.

We have carefully examined this record together with the briefs and arguments filed by counsel for Martin and Rogers and in our opinion there is nothing in this record that would justify a holding that this deed is anything but a fee simple conveyance.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court affirmed.

Opinion adopted by the Supreme Court, May 16, 1934.