**TOOLE v. CHRIST CHURCH, HOUSTON, et al.**

No. 10986.

Court of Civil Appeals of Texas. Galveston.
May 9, 1940.

Rehearing Denied June 20, 1940.

Bracewell & Spiner and Lawrence P. Gwin, all of Houston, for appellant.

Baker, Botts, Andrews & Wharton, William M. Ryan, and Hugh M. Patterson, all of Houston, for appellee Christ Church, Houston.

Joe Entzminger, of Houston, for persons cited by publication and the unknown heirs.

MONTEITH, Chief Justice.

This is an appeal in an action originally brought in the form of an ex parte action by appellee, Christ Church, Houston, to remove the dedication for cemetery purposes from 2.2 acres of land located in the City of Houston.

The action was brought pursuant to an ordinance passed by the City Council of Houston abating the property in controversy as a public nuisance and ordering the removal of all bodies, headstones, etc.

Appellant, Emily T. Toole, filed an answer in said cause, including a general demurrer and general denial. By cross-action in trespass to try title she set up title to the land in controversy in herself and by special plea she attacked the ordinance of the City of Houston abating said property as a nuisance.

Appellee, Christ Church, Houston, answered the cross-action of appellant by general demurrer and general denial. By cross-action complaining of Emily T. Toole and others it set up title to said property in itself. It pled specially the 3, 10 and 25 years' statutes of limitation, R.S. arts. 5507, 5510, and art. 5519, Vernon's Ann.Civ.St. art. 5519, and a plea of res adjudicata based on a prior judgment of the district court of Harris County in its favor against Emily T. Toole involving the 2.2 acres of land in controversy.

An attorney appointed by the court answered for the defendants named in appellee's cross-action who were cited by publication who did not appear in person or disclaim.

In answer to the one issue submitted, the jury found that Emily T. Toole was not a blood relation of Ann West. No other issues were submitted to the jury or requested, and no objections were made to the court's charge by any of the parties to the suit.

Judgment was rendered by the court removing the dedication of said property for cemetery purposes and decreeing that Christ Church, Houston, have and recover title to and possession of the land in controversy as against all parties in the case, subject to a right of way easement of the City of Houston, and that appellant, Emily T. Toole, take nothing by her cross-action.

The court found in its decree that due notice had been given in the action for the removal of said dedication; that the further maintenance of a cemetery on said property had been abated by an ordinance of the City Council of the City of Houston; that all bodies, monuments, etc., had been removed therefrom, and that the land in controversy was no longer required for, or suitable for, cemetery purposes.

The record shows that by deed dated June 5, 1850, James West conveyed the property in controversy to Ebenezer B. Nichols, James Reily and Peter W. Gray, "as Trustees of the Protestant Episcopal Congregation known as Christ Church, Houston, * * * and their successors in office as trustees."

The granting clause in said deed reads: "That I, James West of the City of Houston, for and in consideration of the sum of One hundred and ten dollars to me paid by Ebenezer B. Nichols, James Reily and Peter W. Gray as Trustees of the Protestant Episcopal Congregation known as Christ Church, Houston, have bargained, sold, released and conveyed, and do bargain, sell, release and convey unto said Nichols, Reily and Gray and their successors in office as Trustees aforesaid a certain tract of land situate in the County of Harris * * *."

The habendum clause in said deed provided: "To have and to Hold the said land with the right of engress and egress over and through the land of said West as aforesaid and other appurtenances, to them the said Nichols, Reily and Gray and their successors as Trustees aforesaid forever, in trust however that said land, &c., shall be held, used and reserved for the benefit of the said congregation of Christ Church Houston as a cemetery, and for no other purpose. * * *."

Appellant contends that the stipulation contained in the habendum clause of the deed from James West to the trustees of Christ Church, conveying said property in trust for the benefit of said congregation as a cemetery and for no other purpose, created a conditional conveyance and that an abandonment of said property for cemetery use resulted in a reversion of title to the grantee or his heirs.

The deed in question recites and acknowledges the receipt of a valuable consideration, the sum of $110, as a consideration for the conveyance of said property to the named trustees and their successors in office. There are no words of condition, reverter or right of re-entry in the deed and there are no conditions in the deed with the exception of the provision in the habendum clause to the effect that the property was conveyed "in trust however that said land, etc., shall be held, used and reserved for the benefit of the said congregation of Christ Church Houston as a cemetery, and for no other purpose."

█ It has long been the settled law in this state that where a deed contains apt language denoting the grant of an unconditional fee estate in land, other language contained in the instrument which denotes that the land was granted for a particular purpose is not regarded as implying that the grant is conditional. Hughes et al v. Gladewater County Line Ind. School Dist. 124 Tex. 190, 76 S.W.2d 471; Texas & P. Ry. Co. v. Martin, 123 Tex. 383, 71 S.W.2d 867.

The facts in the case of Hughes v. Gladewater County Line Ind. School Dist., supra, are similar in practically all respects to those in the instant case, with the exception of the fact that in the Gladewater case the deed under consideration contained a statement, not only in the habendum clause, but also in the granting clause, that the land was to be used "for school purposes only", and following the description there was another clause which provided that the grant to the trustees was "for school purposes only." The Commission of Appeals, in an opinion which was adopted by the Supreme Court, held that the clauses in said deed denoting a grant of the property in question for school purposes only did not import either a condition subsequent or a limitation respecting the duration of the grant.

In the case of Stanbery v. Wallace, Tex. Com.App., 45 S.W.2d 198, 199, the court in its opinion says: "It will be observed that the granting clause of the deed under consideration does not purport to grant over this land a right of way for street purposes, but that it conveys the land itself. It is true such clause is followed by a recital restricting the use of the land for street purposes. Such restriction, however, does not operate to limit the grant to a mere easement, as it is generally held that, if the granting clause conveys a fee title to the property, subsequent recitals, which merely limit the use to which the same may be put, do not restrict the conveyance to an easement." (Cases cited).

In the case of Barker v. Hazel-Fain Oil Company, Tex.Civ.App., 219 S.W. 874, 875, writ refused, the court had before it a deed to the trustees of the Methodist Episcopal Church. The granting clause conveyed the described tract of land to the said trustees and their successors in office for the use and benefit of the church as a public cemetery. The habendum clause contained the following recitation: "To have and to hold above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said trustees of said church and their successors and their heirs and assigns forever."

The warranty clause made no reference to use. In response to a contention that such deed conveyed to the trustees only an estate upon a condition subsequent, subject to a right of re-entry in the grantors, the court said: "This deed we think, in effect,

vested in the church the fee-simple title to the burial lot free from any right of reversion to the grantors. The parenthetical expression in the grant, 'for a cemetery,' is a limitation of the use to which the lot was to be put, and not a limitation of the title."

The facts in this case were similar in all respects to those in the instant case, with the exception of the fact that in the deed construed in this case the words "and for no other purpose" did not appear.

■ Under the above authorities we think that the granting clause in the deed under consideration conveys an unconditional fee title to the property in controversy and that the subsequent recital in the habendum clause limiting the use to which the property may be put, even though it contains a phrase prohibiting other use, falls within the rule above stated and that it does not create a condition subsequent.

■ We are strengthened in this conclusion by the fact that our courts have uniformly held that if the deed under consideration is upon a valuable consideration, as in the instant case, as distinguished from a deed of gift or a deed for a nominal consideration, the court will lean even more strongly away from a construction which creates a condition subsequent. Olcott v. Gabert, 86 Tex. 121, 23 S.W. 985; Texas & Pac. Ry. Co. v. Martin, 123 Tex. 383, 71 S. W.2d 867, 870.

■ It is further held that a deed of conveyance does not create a condition subsequent where no words of condition, reverter, or right of re-entry are used in the conveyance. Hughes v. Gladewater County Line Ind. School Dist., supra; Community of Priests v. Byrne, Tex.Com.App., 255 S.W. 601; 12 Tex.Jur., 131.

Appellant contends that the district court's decree removing cemetery dedication from the property in controversy entered by virtue of Articles 922a and 930a, Vernon's Ann.Civ.St., is void by reason of Article 930b, Vernon's Ann.Civ.St., which provides that where land has been purchased for cemetery purposes and the owners thereof had thereafter entered into contracts or written obligations evidencing the intention to use said land for such purpose, that said land so purchased was exempt from the provisions of Arts. 930 and 930a.

■■ We do not think that the provisions of said Art. 930b apply in the instant case, for the reason that, prior to the filing of this suit, the City Council of the City of Houston had passed an ordinance prohibiting the further use of said land for cemetery purposes. It has been uniformly held that where a deed has been made on the condition subsequent that the land should be used as a cemetery and an act of the Legislature or an ordinance of a municipality renders further performance of the condition unlawful, the condition is discharged and the title of the grantee is no longer subject to said condition. Devlin on Deeds, Vol. 2, page 1785, section 961; 47 A.L.R. page 1182, section 4; Scovill v. MacMahon, 62 Conn. 378, 26 A. 479, 21 L.R.A. 58, 36 Am.St.Rep. 350.

Appellant assigns error in the failure of the trial court to instruct the jury not to consider the following argument made by the attorney for Christ Church: "Mrs. Toole lost her case in the previous trial, on the ground that the court held she was not a blood relation of Ann West and now she wants to relitigate that question here", for the alleged reason that such argument was outside of the record, highly prejudicial, and calculated to influence the jury to believe that Emily Toole was not related to Ann West.

Counsel for Christ Church on the trial of this cause introduced in evidence without objection the second amended original petition, the record of the trial testimony, and the judgment in the case of Emma Toole v. City of Houston et al., No. 95827, in the 11th District Court of Harris County, Texas. Emily Toole admitted in her testimony in the trial of the present case that she was known by the name of either Emma or Emily Toole; that she was the Emma Toole named as a party plaintiff in cause No. 95827, and that she had testified in the trial of that case. Said second amended original petition in cause No. 95827 alleged a cause of action in trespass to try title for the same 2.2 acres of land involved in the present case. Appellants therein alleged that they were the heirs of James and Ann West and that they were entitled to all of their estate, including the land herein sued for; they alleged specially that Christ Church, Houston, appellee herein, held title to said land for a restricted cemetery use under a deed from James West, which use had been abandoned, and that they were electing to re-enter as reversionists.

The following judgment was entered in said cause No. 95827:

"On this 26th day of April, A. D. 1926, came the parties both plaintiffs and defendants by their attorneys and a jury being waived, the matters in controversy, as well of fact as of law, were submitted to the court, and the court having heard, and considered of the evidence, and having heard the argument of counsel, and fully understanding the same, it is considered by the court that the said plaintiffs, Emma Toole and John Tucker, suing for the following described property, to-wit: (Here follows a description of the 2.2 acres involved in the present case).

"Take nothing by their suit against the defendants, and City of Houston, and Christ Church of Houston, Texas, and it is further ordered, adjudged, and decreed that the defendants recover of the plaintiffs, Emma Toole and John Tucker, all costs in this behalf expended, for which they may have their execution."

The record shows that plaintiff in cause No. 95827 specially pled her title as an heir of James West and Ann West; that appellant testified that she was not an heir of Ann West; that James West pre-deceased his wife, Ann West, leaving no children or parents, and the property being presumably community, it descended on his death to his wife.

■ It is elementary that when a plaintiff in trespass to try title specially pleads his title he can rely on no other; Gatewood v. Graves, Tex.Civ.App., 241 S.W. 264; Hunt v. Turner, Tex.Civ.App., 88 S.W.2d, 520; 41 Tex.Jur., 562. The appellant as plaintiff in cause No. 95827 must have recovered on her own title therein or not at all. Mills v. Pitts, 121 Tex. 196, 48 S.W.2d, 941, 84 A.L.R. 319.

■ It is the established rule in this state that attorneys are not only allowed much latitude in arguing issues of fact before the jury, but that an attorney in his argument may draw from the facts and circumstances in evidence any inferences and deductions that are reasonable and fair, and that he may state to the jury such facts as he in good faith draws from all of the circumstances of the case and that he may argue any hypothesis supported by the evidence even though there is evidence to the contrary. 41 Tex.Jur. p. 772, section 56; Wells v. Henderson, Tex.Civ.App., 78 S.W. 2d 683; Lamar Life Ins. Co. v. Bauer, Tex. Civ.App., 70 S.W.2d 600; Moore v. Parrish, Tex.Civ.App., 70 S.W.2d 315.

■ Under the record presented we are constrained to hold that this assignment presents no reversible error.

■ Further, under the record above presented, we think that the plea of res adjudicata filed by appellee, Christ Church, Houston, was good as to appellant, Emily T. Toole.

■ The issue of title to the property in controversy was first raised in this case by appellant, Emily T. Toole, filing her answer and cross-action. Her right to title and possession of said property depended upon her establishing title thereto in herself. The answer of appellee, Christ Church, was sufficient to raise the question of res adjudicata. The "take nothing" judgment against the plaintiffs in the former trespass to try title suit had the effect of adjudicating title to the land in controversy in appellee, who was defendant therein, as effectively as if it had expressly adjudicated the title and possession of the land to the defendant. Houston Oil Co. v. Village Mills Co., Tex.Com.App., 241 S.W. 122; Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564, 111 A.L. R. 1152; 26 Tex.Jur. 298, Sec. 492.

It is apparent from plaintiff's petition in said cause No. 95827 that the same issues were before the court in that case as are presented for adjudication in this case, with the exception of the issues of limitations, viz.: (1) The title and possession to the property; (2) Emily Toole's status as an heir of James and Ann West; (3) the construction of the deed from James West to the trustees; and (4) cessation of the use of the property for cemetery purposes.

■ A party losing under a valid judgment in an action of trespass to try title is precluded thereby from asserting title to the land in controversy through any fact that existed at the time that judgment was rendered. Ewing v. Wilson & Howell, 63 Tex. 88; Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745, 107 Am.St.Rep. 596; 26 Tex.Jur., 137. These issues having been adjudicated in the former suit, appellant is precluded from again raising them in this cause.

Appellant contends that the court erred in entering judgment in this cause in favor of Christ Church, because the evidence wholly fails to show a title vested in Christ Church as a religious corporation, in the capacity in which it sues and is sued herein.

By act of the Republic of Texas, dated January 30, 1845, the trustees of Christian denominations, selected according to such method as the congregation might adopt, were made a body politic and corporate, capable of holding real estate in trust for the use and benefit of the church appointing them. This act provided that any denomination of Christians might, by methods of its own adoption, appoint not less than three nor more than nine trustees to hold title to property in trust for the benefit of the denomination, and that a certificate of appointment should be filed within 60 days with the county recorder of the county in which the appointment was made. The act specifically created such trustees, upon appointment, as a corporate body in the following language: "Sec. 4. Be it further enacted that when a board of trustees shall be so constituted, they shall be considered in law and equity a body politic and corporate, capable of making contracts, of suing and being sued, of pleading and being impleaded, of receiving and holding (in trust), lands and other property for the purpose of building meeting houses, camp grounds, parsonages or school houses as the case may be, for the use and benefit of the church or people appointing them; * * *."

The record shows that in April, 1847, the congregation of Christ Church, Houston, complied with the terms of this act and selected a board of trustees. On January 5, 1850, James West conveyed the 2.2 acres of land in controversy to Nichols, Reily and Gray, as trustees of Christ Church, Houston. The board of trustees appointed in 1847 having been dissolved by resignation and otherwise, the congregation of Christ Church, on April 5, 1858, selected nine trustees to succeed the former ones. The record of such appointment was recorded in Harris County on April 6, 1858, as required by the act of 1845. On April 23, 1874, the Legislature of the State of Texas enacted a general incorporation statute, which provided that any religious society might, by the consent of a majority of its members, become a body corporate under said act, electing directors or trustees and performing the things as are directed in the case of other corporations, and that when so organized they should have all the powers and privileges and be subject to all the restrictions in said act contained, for the object named in the charter. Revised Statutes of Texas 1879, Arts. 637, 638; Act of April 23, 1874, Chapter 69, Art. XI, Sec. 17.

In compliance with the general incorporation statute of 1874, the congregation of Christ Church, Houston, in 1893, with the consent of a majority of its members, amended their corporate structure and became a corporate body of the structure prescribed in the act of 1874. These articles of incorporation state: "And whereas the said congregation is desirous of so amending and changing its incorporation under the aforesaid act of January 30, 1845, as to become a religious corporation under Title 20 of the Revised Statutes of Texas."

▓▓▓▓ Christ Church, Houston, obtained title to the land in controversy through its then trustees in 1850 and held that title at the time of the general act of 1874, and through its subsequent trustees down to 1893. The act of 1874 did not obliterate the old corporate body of trustees or divest the title to this property out of Christ Church, Houston. In 1893 it amended its corporate structure to conform to the requirements of the new act. Its name was not changed, nor was there any change in the object and purpose of the organization. The act of filing articles of incorporation with the Secretary of State constituted only an amendment to the charter theretofore existing, and the title to the property in controversy continued in appellee, Christ Church, Houston.

Further, the jury in the instant case having found, on what we deem to be sufficient evidence, that appellant, Emily T. Toole, was not a blood relation of Ann West, to whom the reversionary interest in the land in controversy, if any, passed at the death of James West, it follows that the trial court entered the correct judgment in decreeing that appellee recover title and possession of the land in controversy, and that appellant, Emily T. Toole, take nothing by her cross-action.

The judgment of the trial court is in all things affirmed.

Affirmed.