### GREEN v. KUNKEL.

No. 14646.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 13, 1944.

H. M. Muse, of Wichita Falls, for appellant.

McDonald & Anderson, of Wichita Falls, for appellee.

McDONALD, Chief Justice.

C. Pettit once owned a large tract of land in Archer County. In 1900 he sold the north portion of the tract. In 1903 he executed a deed in favor of Archer County covering a long, narrow strip adjoining the south line of the north portion just mentioned. In 1906 he sold the south portion of the original tract. The metes and bounds description of the south tract is sufficient to include the narrow strip which had been conveyed to Archer County. The narrow strip was used for many years as a road. On August 23, 1943, the Commissioners Court of Archer County made an order abandoning the road. Shortly thereafter, pursuant to resolution of the Commissioners Court, Archer County conveyed the north half of the road, by quitclaim deed, to the defendant Kunkel, who owned the tract of land lying north of the road, and conveyed the south half of the road to the plaintiff Green, who owned the tract south of the road. Green filed this

586

suit against Kunkel, seeking to recover title to the north half of the road.

· The plaintiff Green contends that the deed from Pettit to Archer County conveyed only an easement, while the defendant Kunkel contends that the deed from Pettit to Archer County conveyed the fee title to the road strip.

The case was tried to a jury. Both sides moved for instructed verdict. The only issue submitted to the jury pertained to plaintiff's prayer for an injunction, which will be noted later. Judgment was rendered that plaintiff take nothing by his suit, and plaintiff has appealed.

■ First to be decided is the question whether the deed from Pettit to Archer County conveyed the land itself, or only an easement. The trial court found that the deed conveyed the fee simple title. The granting clause of the deed, to quote from it, is that the grantor "do by these presents bargain, sell, release and forever quitclaim unto the said Archer County, for a second class road, their heirs and assigns all the right, title and interest in and to that certain tract or parcel of land lying in the County of Archer and State of Texas, described as follows," following which is a description by metes and bounds of the strip of land. The habendum clause contains the language usually found in quitclaim deeds, with no mention made of the proposed road or use of the land therefor.

■ The decisions do not appear to be in accord in other jurisdictions in determining whether a deed covering a strip of land, in favor of a municipality or other branch of the government, will be construed as a conveyance of the fee title or a conveyance of a mere easement in the land, where the deed recites that the conveyance is made for road or street purposes. Many cases are annotated in 19 L.R.A. 262; L.R.A. 1918B, 695; and 136 A.L.R. 393. The exact language of the deed may be determining. It would seem that the inquiry in each case is whether, from the language of the deed, it appears that the grantor intended to convey the land itself, or only an easement therein. The deed as a whole should be considered, and if the deed is ambiguous examination may be made of the circumstances surrounding the parties at the time of execution of the deed, in order to determine the meaning of the terms used in the deed.

■ There have arisen in Texas several cases concerning deeds conveying lands for school or church purposes. The Supreme Court has declared the rule in such cases to be as follows: "It is definitely settled in this state that where a deed contains apt language denoting the grant of an unconditional fee estate in land, other language contained in the instrument, which merely denotes that the grant was made for a particular purpose is not regarded as implying that the grant is conditional." Hughes v. Gladewater County Line Independent School District, 124 Tex. 190, 76 S.W.2d 471, 473.

In the cited case it is said that the use of such language does not impose a condition upon the grant, nor does it limit the duration of the grant, nor does it impose a restriction of the use of the land. In Texas & P. R. Co. v. Martin, 123 Tex. 383, 71 S.W.2d 867, the Supreme Court declared that such language did not render the deed a mere easement, as distinguished from a conveyance of the fee title.

Plaintiff, the appellant here, argues that the rule applied in the school, church and railroad cases should not be applied in the cases of conveyances of land for use as public roads, since the effect will be to leave the title to long narrow strips of land, no longer used as roads, subject to conveyance to persons other than the owners of the abutting lands, and that such result would be against sound public policy. The same argument might be made in the case of grants to railroads, but in the latter it has nevertheless been held by the Texas courts that the deed, if containing proper language, will convey the fee simple title. Brightwell et al. v. International-Great Northern R. Co. et al., 121 Tex. 338, 49 S.W.2d 437, 84 A.L.R. 265, and cases there cited.

Plaintiff relies heavily on the holding in West Texas Utilities Co. v. Lee, Tex. Civ.App., 26 S.W.2d 457. There the granting clause of the deed recited that the land was conveyed "for road and watering purposes," and the habendum clause contained the phrase "for the use only of the public as a public road and watering place." It was held that the deed conveyed an easement only, and not the fee title. No application for writ of error appears to have been made to the Supreme Court. When the opinion is carefully examined it is seen that the court considered the negotiations which led up to the execution of

the deed, observing that Mrs. Lee had made a proposal to deed a right of way. The opinion also points out that both the granting and the habendum clauses contain the restrictive language, and attaches importance to the use of the word "only" in the deed. The opinion quotes from 1 Thompson on Real Property, pp. 523-534, to the effect that "a deed to a county, the habendum clause of which is 'To have and to hold said strip of land unto said party of the second part for the uses and purposes of a public highway or street,' conveys merely an easement of way and not the fee." The rule, as stated by Thompson, does prevail in some jurisdictions, but we do not believe that our Supreme Court has followed it. Hughes v. Gladewater, etc., School Dist., and Texas & P. R. Co. v. Martin, cited supra, were both decided by the Supreme Court after the Lee case was decided, and we feel that the language of the Supreme Court in those cases is so positive that we must follow it rather than anything to the contrary which might be found in the Lee opinion. The defendant cites Stanbery v. Wallace, Tex.Com.App., 45 S.W.2d 198, as being directly in point on the facts of the case now before us. There the purpose of the grant was contained in the habendum clause, and not in the granting clause. The Commission of Appeals appeared to consider that the granting clause, being unrestricted, would convey the fee title regardless of the limiting language of the habendum clause. We rather incline to the view that all of the language of the deed must be considered, and that the result in the Stanbery case is sustainable under the rule announced in the Hughes v. Gladewater, etc., School Dist. and Texas & P. R. Co. v. Martin cases, towit, that the statement of the purpose of the grant is not enough to constitute the deed a grant of a mere easement rather than a grant of the fee title.

Appellant also suggests that the county had no authority under the law to convey the north half of the road to Kunkel. Under familiar principles the plaintiff in trespass to try title must recover upon the strength of his own title, and not upon the weakness of the defendant's title. 41 Tex.Jur., p. 497.

Plaintiff also sought to enjoin defendant from filling up a ditch in the old roadway, on the ground that it would cause damage to plaintiff's land by a diversion of the flow of surface water. In answer to the only issue submitted to them, the jury found that plaintiff would not be damaged by filling up the ditch. Plaintiff moved for judgment notwithstanding this finding on the ground that the undisputed evidence showed that plaintiff would be damaged by filling up the ditch. Appellee, the defendant below, argues that the evidence shows that he was able to respond in damages and that plaintiff therefore had an adequate remedy at law. We have examined the testimony shown in the statement of facts, and are of opinion that there was ample evidence to sustain the finding that no damage would be done to plaintiff by filling up the ditch. It is therefore unnecessary to undertake to pass upon any other phase of the injunction question. In no event would plaintiff be entitled to the injunction if no damage would be done to him by filling up the ditch.

The judgment of the trial court is affirmed.