THE ATTORNEY GENERAL
OF TEXAS



WAGGONER CARR
ATTORNEY GENERAL

October 17, 1963

Mr. Raymond W. Vowell
Executive Director, Board
  for Texas State Hospitals
  and Special Schools
Box S, Capitol Station
Austin, Texas  78711

Opinion No. C-163

Re: Confederate Woman's Home
    property--disposition to
    be made thereof in case
    of abandonment of use of
    said property as a home
    for the wives and widows
    of Confederate Soldiers
    and Sailors.

Dear Mr. Vowell:

In a recent request for an opinion of this office, you make the following statements and ask the following question:

"Under date of December 23, 1911 the Texas Division United Daughters of Confederacy, through their President, conveyed to the State of Texas a certain tract of land described in the attached copy of the deed which is recorded in the Deed Records of Travis County, Volume 246, Page 544. The stated purpose of said conveyance was to provide a home to be used by the wives and widows of Confederate soldiers and sailors.

"This Board has, since its inception, used the premises for the purpose stated. However, we now find that we have three residents of this home costing us approximately $1,100.00 per month each to maintain. It has been suggested that other facilities be made available for these residents and that the Confederate Woman's Home, as such, be abandoned.

"In the event this Board decides to abandon said facilities, please advise this office as to the disposition to be made of the land indicated above, i.e., does it remain the property of the State of Texas to be used and disposed of as other State owned land or does title to same revert to the Texas Division United Daughters of Confederacy."

Apparently your doubt as to the ownership and status of this property should it cease to be used for the care of the wives and widows of disabled Confederate soldiers and sailors

is caused by the following quoted phrases in the granting clause and in the preamble of the deed conveying the Confederate Womans' Home property to the State of Texas. The granting clause reads in part:

> ". . . the . . . Texas Division United Daughters of Confederacy, . . . has given, granted, bargained, sold and conveyed, and by these presents do give, grant, bargain, sell and convey unto the State of Texas for the uses and purposes aforesaid . . . /the land in question7 . . ."

The aforesaid uses and purposes referred to in the above quote are found in Paragraph 1 of the preamble of the deed from the Texas Division United Daughters of Confederacy to the State of Texas. In this respect, the preamble reads in part:

> ". . . for the use and benefit of the Confederate Woman's Home to be used by the wives and widows of disabled Ex-Confederate Soldiers and Sailors; . . ."

Undoubtedly, you feel that such language above quoted makes the conveyance to the State of Texas a determinable fee or grant with condition subsequent (conditional fee).

It is definitely established in this State that where a deed contains apt language denoting the grant of an unconditional fee estate in land other language contained in the instrument which merely denotes that the grant was made for a particular use or purpose is not regarded as implying that the grant is determinable or conditional. Hughes v. Gladewater County Line Independent School Dist., 134 Tex. 190, 76 S.W.2d 471 (1934); Davis v. Skipper, 125 Tex. 364, 83 S.W.2d 318 (1935); Texas & Pacific Railway Co. v. Martin, 123 Tex. 383, 71 S.W.2d 867 (1934).

It is quite clear under the above authorities that the deed conveying the Confederate Woman's Home property to the State does not constitute a conditional or determinable grant.

The disposition of State land is exclusively in the control of the Legislature of the State of Texas. Lorino v. Crawford Packing Company, 142 Tex. 51, 175 S.W.2d 410 (1943); Stiles v. Hawkins, 207 S.W. 89 (Tex.Comm.App., 1918); 34 Tex. Jur. 46, Public Lands, Sec. 25.

Therefore, the answer to your question is as follows: Should the Board for Texas State Hospitals and Special Schools

Mr. Raymond W. Vowell, page 3 (Opinion No. C-163)


decide to abandon the facilities of the Confederate Woman's Home, said property would remain the property of the State of Texas to be used by the State of Texas or disposed of by the State as the Legislature of the State of Texas shall determine.

## SUMMARY

In the event the Board for Texas State Hospitals and Special Schools abandons the Confederate Woman's Home property for use by the wives and widows of disabled Ex-Confederate Soldiers and Sailors, said property will not revert to the Texas Division United Daughters of Confederacy but will remain the property of the State of Texas subject to control and disposition by the Legislature of the State of Texas.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

MILTON RICHARDSON
Assistant Attorney General

MR:da

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
J. Arthur Sandlin
Ben Harrison
Paul Robertson
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone