

# THE ATTORNEY GENERAL
## OF TEXAS

April 10, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Garry Mauro  
Commissioner  
General Land Office  
1700 North Congress Avenue  
Austin, Texas    78701

Opinion No. JM-675

Re: Restrictions on conveyance of particular tracts of land deeded to the state for the use and benefit of the Texas Department of Mental Health and Mental Retardation

Dear Mr. Mauro:

The Asset Management Division of the General Land Office has requested an opinion as to the restrictions, if any, that exist on the use or conveyance of surplus land in two tracts that were conveyed to the state of Texas for the use and benefit of the Texas Department of Mental Health and Mental Retardation. The deeds conveying these lands to the state contain language obligating the state to build facilities for the care of the mentally retarded on the respective tracts. The facilities have been constructed, and both facilities occupy only part of the land conveyed by the deeds. You advise us that a lease, sale, or trade of the excess land will not impair the continued operation of either of those facilities.

A tract in Nueces County was conveyed to the state by the city of Corpus Christi. The other tract, in Tarrant County, was conveyed jointly to the state by the Sid W. Richardson Foundation and the Amon G. Carter Foundation.

The city of Corpus Christi deed, entitled Warranty Deed, provides in part that the city

> in consideration of the promise and the obligation of the State of Texas . . . to plan and construct permanent, suitable, substantial, and fireproof buildings sufficient in all respects to care for mentally retarded persons does hereby Grant, Bargain, Sell, and Convey unto the State of Texas . . . the following described tract of land, situated in Nueces County, Texas, to-wit:
>
> [description]

The habendum clause contains language that the above described premises are "for the use and benefit of the Corpus Christi State

School as a school for the diagnosis, special training, education, supervision, treatment, care and control of mentally retarded persons of the State of Texas and the city of Corpus Christi." The deed contains the further provision that:

> The consideration for this deed being the obligation of the state to construct upon said grounds permanent, suitable, substantial, and fireproof buildings sufficient in all respects to care for mentally retarded persons, unless said school be established by commencement of construction on or around September 1, 1968, and continue thereafter with due diligence, the title to the said premises shall automatically revest in the grantor, city of Corpus Christi, and this conveyance shall be of no further force or effect.

Each of the deeds by the two foundations, entitled Deed, provides in part that the foundation

> does Give, Grant, and Convey . . . unto the State of Texas . . . subject to the special conditions referred to hereinafter, a determinable fee interest in and to an undivided one-half (1/2) interest in and to all that certain tract and parcel of a land lying and being situated in Tarrant County, Texas, described as follows:
>
> [description]

Both the habendum clauses and warranty clauses contain the language "subject to the special conditions referred to hereinafter." The deeds contain the further provision that:

> This conveyance is made upon the specific conditions, which Grantee herein by the acceptance of this deed agrees to and accepts, that the State of Texas, Texas Department of Mental Health and Mental Retardation, will construct upon the above described property a school for the care of mentally retarded persons of the State which facility . . . that the construction of such school will . . . commence on or before September 1, 1973, and be thereafter diligently prosecuted to completion to the extent authorized by the above Act; that the premises and any and all parts thereof, together with any and all improvements attached or affixed thereto shall forever be used for public purposes.

The goal of a court when construing a deed of conveyance is to ascertain the intention of the parties to the conveyance. The cases construing deeds involve the courts' interpretations of the language of the specific deeds in light of the facts and circumstances under which the deeds were executed. See Harkey v. Harkey, 60 S.W.2d 834 (Tex. Civ. App. - Austin 1933, writ ref'd). Whether the deeds in question create covenants, conditions, or determinable fees and whether there is substantial compliance with any restrictions requires subjective interpretations of the language of the individual conveyances and factual determinations that we can not make with certainty in the opinion process. However, we will attempt to offer guidance by discussing policies that have been employed by the courts in construing deeds and conveyances.

The cardinal rule for the construction of deeds is that the intention of the parties is to be ascertained and given effect and such intention is to be gathered from a consideration of the entire instrument, together with the surrounding circumstances, unless such intention is in conflict with some unbending canon of construction or settled rule of property or is repugnant to the terms of the grant. Since the language of a deed is that of the grantor, if there is any doubt as to its construction, it will be resolved against the grantor and in favor of the grantee. The largest estate that its terms will permit will be conferred on the grantee. See Dilbeck v. Bill Gaynier, Inc., 368 S.W.2d 804 (Tex. Civ. App. - Dallas 1963, writ ref'd n.r.e.); Gex v. Texas Company, 337 S.W.2d 820 (Tex. Civ. App. - Amarillo 1960, writ ref'd n.r.e.); Hedick v. Lone Star Steel Company, 277 S.W.2d 925 (Tex. Civ. App. - Texarkana 1955, writ ref'd n.r.e.).

It has long been established that the law does not favor forfeitures. The courts will not declare a forfeiture unless compelled to do so by language that will admit of no other construction. Forfeiture clauses fail in the event they are ambiguously expressed. If a provision is ambiguous, that alone may condemn it as a forfeiture provision. See Link v. Texas Pharmacal Company, 276 S.W.2d 903 (Tex. Civ. App. - San Antonio 1955, no writ); W.F. White Land Co. v. Christenson, 14 S.W.2d 369 (Tex. Civ. App. - Fort Worth 1928, no writ).

The courts differentiate between types of deed restrictions on the use of land. Some are classified as covenants and others as conditions. A covenant is a promise on which a conveyance is executed, the breach of which gives the grantor a right of injunctive relief or an action for specific performance or damages, but not a right of reinvestment of title. See W.F. White Land Co. v. Christenson, 14 S.W.2d at 371; see also Rosek v. Kotzur, 267 S.W. 759 (Tex. Civ. App. - San Antonio 1924, no writ); Elliott v. Elliott, 109 S.W. 215 (Tex. Civ. App. 1908, writ ref'd).

A condition, on the other hand, will have the effect of vesting or reinvesting title. A frequent issue involving conditions is

whether the condition is a condition subsequent or whether it is a special limitation and determinable fee. A condition subsequent designates a happening that gives the grantor a right to terminate the estate and, by re-entry, to be reinvested with the title. The re-investment is not automatic but requires affirmative action by the grantor. See Community of Priests of St. Basil v. Byrne, 255 S.W. 601, judgmt. adopted (Tex. Comm'n App. 1923). An estate subject to a special limitation restricting the use of land is created when the language of conveyance provides that the estate is granted so long as a designated condition does or does not exist. It is a limitation on the duration of the estate. The estate granted is automatically terminated by occurrence of the condition. A determinable fee is a distinctive name that has been given a fee simple estate that is subject to a special limitation. See Colby v. Sun Oil Company, 288 S.W.2d 221 (Tex. Civ. App. - Galveston 1956, writ ref'd n.r.e.); Wampler v. Harrington, 261 S.W.2d 883 (Tex. Civ. App. - Texarkana 1953, writ ref'd n.r.e.); Daggett v. City of Fort Worth, 177 S.W. 222 (Tex. Civ. App. - Amarillo 1915, no writ); Williams, Restrictions on the Use of Land: Conditions Subsequent and Determinable Fees, 27 Tex. L. Rev. 158 (1948); Walker, Property Interest Created By Lease, 7 Tex. L. Rev. 8 (1929). Still another condition that may arise from an instrument of conveyance is a condition precedent, which is a condition that must take place before the estate can vest. A condition precedent postpones the passage of title from the grantor to the grantee until the condition is performed. See City of Dallas v. Etheridge, 253 S.W.2d 640 (Tex. 1952); Spinks v. First Christian Church of Vera, 273 S.W. 815, judgmt adopted (Tex. Comm'n App. 1925).

Definitions of the different categories of restrictions are well established. The difficulty arises in construing the deed in each case. Certain general principles for construing particular instruments have been developed, but it is not always easy to apply the principles to a particular case.

As we previously stated, the largest estate that the terms and language of the conveyance will permit will be conferred on the grantee. The courts construe a provision as a covenant rather than as a condition if the terms are susceptible of that interpretation. Promises and obligations of the grantee are construed as covenants unless the language and circumstances of the conveyance clearly reveal an intention to create a conditional estate. If the language has a doubtful meaning, the courts have held it to be a covenant rather than a condition. Likewise, interpretation as a condition subsequent is less objectionable than construction as a special limitation or determinable fee. See Lawyers Trust Co. v. City of Houston, 359 S.W.2d 887 (Tex. 1962); Hearne v. Bradshaw, 312 S.W.2d 948 (Tex. 1958); Zapata v. Torres, 464 S.W.2d 926 (Tex. Civ. App. - Dallas 1971, no writ); Hedick v. Lone Star Steel Co., 277 S.W.2d 925 (Tex. Civ. App. - Texarkana 1955, writ ref'd n.r.e.); City of Wichita Falls v. Bruner, 165 S.W.2d 480 (Tex. Civ. App. - Fort Worth 1942, writ ref'd). As between a condition subsequent and a condition precedent, if the

language of a conveyance creates doubt as to the nature of a condition, the courts hold that the conveyance imposes a condition subsequent rather than a condition precedent. Also, the fact that a grantee is entitled to possession and use of the property implies a condition subsequent instead of a condition precedent. Railroad Commission v. American Trading and Production Corp., 323 S.W.2d 474 (Tex. Civ. App. - Austin), cert. denied, 361 U.S. 886 (1959).

The courts frequently have found that the use of certain words and terms is indicative of the intention of the parties to a conveyance, but is not necessarily conclusive. We are not aware, however, of a case in which a court has construed the specific language and circumstances of the deeds conveying the two tracts in question for use by the Texas Department of Mental Health and Mental Retardation.

A mere recital of uses to which granted premises are to be applied does not ordinarily create a condition and may not create even a covenant. It has long been settled that where a deed contains apt language to grant an unconditional fee estate in land, other language in the instrument which denotes that the land is granted for a particular purpose is not regarded as implying that the grant is conditional. In Texas & P. Railway Co. v. Martin, 71 S.W.2d 867 (Tex. 1934), the court found that a deed where the grantors "granted" land "for depot purposes and uses" conveyed a fee simple title without condition. In Hughes v. Gladewater County Line Independent School District, 76 S.W.2d 471 (Tex. 1934), the court determined that a deed that contained a statement in both the granting clause and the habendum clause that the land was to be used for school purposes only did not create either a condition subsequent or a special limitation that would have established the duration of the grant and did not constitute a covenant. Normally, there must be language of a right of re-entry if a condition subsequent is created and language of reversion or revesting of the property in the case of a determinable fee. See Davis v. Skipper, 83 S.W.2d 318 (Tex. 1935); Gabert v. Olcott, 23 S.W.985 (Tex. 1893); Gahagan v. Texas & P. Railway Co., 231 S.W.2d 762 (Tex. Civ. App. - Dallas 1950, writ ref'd n.r.e.); Toole v. Christ Church, Houston, 141 S.W.2d 720 (Tex. Civ. App. - Galveston 1940, writ ref'd); Harris v. Rather, 134 S.W. 754 (Tex. Civ. App. 1911, writ ref'd).

Words of re-entry or forfeiture are not indispensable to the creation of a condition but are important as evidence of an intention to impose one of the conditions on an estate. Where an express reversionary clause in a deed to school trustees evidenced the intention of the parties that the land would revert to the grantor if the land ceased to be used for school purposes, the court construed the reverter clause as entitling the grantor to a recovery of the land in case it was abandoned for school purposes. See Dickenson v. Board of Trustees, 204 S.W.2d 418 (Tex. Civ. App. - Fort Worth 1947, writ ref'd).

The use of the technical words "condition" or "covenant" in a deed is not totally determinative of the character of the provision to which it refers. While the words "on condition" in a deed are apt words to create a condition, they do not necessarily do so. See Dilbeck v. Bill Gaynier, Inc., 368 S.W.2d at 807. The use of the word "if" traditionally has been a strong indication that the parties intended a condition subsequent, although it is not conclusive. See Lawyers Trust Co. v. City of Houston, 359 S.W.2d at 890. We are not aware of a case in which a court addressed the significance of the use of the technical words "determinable fee interest" in the granting clause of a deed as was done in the conveyance of the Tarrant County tract. However, in Waters v. Ellis, 312 S.W.2d 231 (Tex. 1958), the Texas Supreme Court stated that "it is a recognized rule of construction that where there is a 'necessary repugnance' of clauses in a conveyance, the granting clause prevails over the other provisions of the deed." In another case, an agreement by a grantee to care for the grantor was found to be a covenant, and not a condition, even though the habendum clause was followed by the phrase "subject to the terms and conditions hereinafter provided." Sisk v. Randon, 70 S.W.2d 689 (Tex. 1934). A recitation of a grantee's promise as consideration for a conveyance, especially in the absence of language reserving the right to terminate the estate, does not in itself indicate an intention to convey a conditional estate. See Zapata v. Torres, 464 S.W.2d at 929.

If a deed is for valuable consideration, as distinguished from a deed of gift or deed for nominal consideration, a court will lean more strongly away from a construction that creates a condition. See Toole v. Christ Church, Houston, 141 S.W.2d at 720; Texas & P. Railway Co. v. Martin, 71 S.W.2d at 870; Gabert v. Olcott, 23 S.W. at 987. In Community of Priests v. Byrne, supra, land was conveyed for maintenance of a school without any other consideration. The court found that where the language manifested only an agreement to reconvey if the school was not maintained, the agreement was only a covenant and title vested in the grantee without condition subsequent or special limitation.

It has been suggested that where there has been substantial compliance with a covenant or condition in a deed, a transfer of part of the estate or a use other than that called for in the deed does not subject the estate to termination or give rise to a cause of action for damages. We agree that substantial compliance with the terms of a conveyance probably will prevent forfeiture of title or damages. See Hoyt v. Geist, 364 S.W.2d 461 (Tex. Civ. App. - Houston 1963, no writ); Manton v. City of San Antonio, 207 S.W. 951 (Tex. Civ. App. - San Antonio 1918, writ ref'd). As previously stated, however, what constitutes substantial compliance involves subjective interpretations of conveyances and determination of facts that are not appropriate in the opinion process.

A finding by a court that there has been substantial compliance with a condition generally has prevented a forfeiture. In McCarthy v. City of Houston, 389 S.W.2d 159, 163 (Tex. Civ. App. - Corpus Christi 1965, writ ref'd n.r.e.), the court stated that "before a court should declare a reverter of a fee title under a condition subsequent, the facts should be such as to show a definite violation or breach of the condition subsequent." Where a restriction required the grantee to use land solely for gin purposes and the property was used for gin and additional purposes, the court held that the restriction did not preclude the use of the property for the other purposes so long as a gin was operated on the premises. While the deed provided that the property was to be used solely for gin purposes, it made no provision for a reversion in case the property was used for a purpose in addition to gin purposes. The court said that the use for other purposes that did not interfere with use for gin purposes did not operate as a reversion of title. See Gleghorn v. Smith, 62 S.W. 1096 (Tex. Civ. App. 1901, writ ref'd). In Davis v. Skipper, supra, the deed in question conveyed property to be used for church purposes only and provided that title would revest in the grantor if use as a church was abandoned. The court found a conveyance of a determinable fee to the grantees and determined that so long as the property was used for church purposes, there was no intention to restrict its physical use, provided it was not used for some other inconsistent business or enterprise. In so finding, the Davis court quoted from an Indiana case as follows:

> The owner of a determinable fee in real estate has all the right of an owner in fee simple in regard to the use or disposal of the real estate; he may use it in any way, may cut and sell the trees growing upon the land, strip the sod and clay from its surface, take out the minerals from underneath, sell it without restriction; his rights being equivalent to those of an owner in fee simple, save that his fee is liable to be defeated at any time by the occurrence of the contingency by which it is determined, and, if he should sell, his purchaser would also take a determinable fee.

Hillis v. Dils, 100 N.E. 1047, 1049 (Ind. App. Ct. 1913). See also Hamman v. City of Houston, 362 S.W.2d 402 (Tex. Civ. App. - Fort Worth 1962, writ ref'd n.r.e.) (part of tract conveyed to city for park purposes condemned by state for highway purposes).

Texas courts have adopted the general policy that, where there is ambiguity in restrictions concerning the use of real property or substantial doubt as to the meaning of a restriction, the ambiguity and doubt will be resolved in favor of the free use of the land. See Baker v. Brackeen, 354 S.W.2d 660 (Tex. Civ. App. - Amarillo 1962, no

writ); Burkhart v. Christian, 315 S.W.2d 668 (Tex. Civ. App. - Waco 1958, writ ref'd n.r.e.).

## S U M M A R Y

In construing deeds of conveyance, the courts ascertain the intentions of the parties to the deeds by interpreting the language of the specific deeds in light of the circumstances under which the deeds are executed. The courts have resolved doubt as to the construction of deeds in favor of grantees and have declared forfeitures of an interest in property only when the language of a deed permits no other construction. Where restrictions exist, the courts have resolved doubt in favor of a covenant rather than a condition and tend to find that a condition is a condition subsequent instead of a special limitation and determinable fee. Substantial compliance with a covenant or condition in a deed probably will prevent damages or a forfeiture of title. Whether specific deeds create covenants, conditions, or determinable fees, and whether there is substantial compliance with a restriction, requires subjective interpretation of the language of the deed and factual determinations for which the article 4399 opinion process was not intended.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General