## A. L. HUGHES ET AL. V. GLADEWATER COUNTY LINE INDEPENDENT SCHOOL DISTRICT.

No. 6523.   Decided November 28, 1934.
(76 S. W., 2d Series, 471.)

*C. E. Florence* and *E. M. Fulton,* both of Gilmer, *Lee M. Sharrar* and *R. E. Seagler,* both of Houston, for plaintiffs in error.

A deed conveying land to "trustees of school district for school purposes only, for the colored children" of said district, conveys only a limited and defeasible title or interest which will endure so long only as the land is used for school purposes for the colored children of said school district, which title or interest reverted to the grantor upon abondonment or cessation of the use of the property for the purposes named in the deed. Stephens County v. Mid-Kansas Oil Co., 113 Texas, 160, 254 S. W., 290; Texas Company v. Davis, 113 Texas, 321, 254 S. W., 304; Stanberry v. Wallace (Com. App.), 45 S. W. (2d) 198; West Texas Utility Co. v. Lee, 26 S. W. (2d) 457.

A conveyance of land to trustees of school district for school purposes only, for colored children, conferred no right on the trustees of the school district to drill for or develop said land for mineral purposes. Southwestern T. & T. Co. v. Smithdeal, 104 Texas, 258, 136 S. W., 1049; Mitchell v. Burnett, 122 S. W., 937; Skipper v. Davis, 59 S. W. (2d) 454.

*B. Reagan McLemore,* of Longview, and *Banks & Banks,* of Houston, for defendants in' error.

The language of the deed may reasonably be construed to be for the benefit of the colored children as a class rather than

imposing a limitation upon the use of or a reversion of the land. Brightwell v. International & G. N. Ry Co., 121 Texas, 338; 49 S. W. (2d) 437; Taylor v. County School Trustees, 229 S. W., 670; Barker v. Hazel Fain Oil Co., 219 S. W., 874, and authorities there cited; International & G. N. Ry. Co. v. Reagan, 121 Texas, 233, 49 S. W. (2d) 414.

MR. PRESIDING JUDGE HARVEY delivered the opinion of Commission of Appeals, Section A.

In this case, A. L. Hughes and the other plaintiffs in error, complain of a judgment of the Court of Civil Appeals, at Texarkana, reversing and remanding the judgment rendered in this cause by the trial court. We adopt the statement of the case as made by the Court of Civil Appeals, as follows:

"The action was in trespass to try title brought by the trustees of the Gladewater County Line Independent School District, a body-corporate, against A. L. Hughes, the Rio Oil Corporation, and the Humble Oil and Refining Company, affecting the title to one acre of land in Gregg County. The plaintiff pleaded title and specially the statute of limitations of three, five and ten years. The defendants answered by plea of not guilty, and the statutes of limitations of three, five and ten years, and by way of cross action in trespass to try title to 91 acres of land, more or less. The defendants further specially asked for an injunction against the plaintiff from trespassing upon the premises, claiming that 'the one acre tract of land described in the plaintiff's petition is a part of and is included in the tract of land hereinabove described in this cross action.'

"The trial was had before the court without a jury and the judgment entered was in denial of a recovery by the plaintiff of the land sued for and the adjudication in favor of defendants on their cross action against the plaintiff for the land sued for. The judgment further perpetually enjoined the plaintiff and trustees from entering on the land sued for by it and from drilling or causing to be drilled any oil well thereon and from leasing the same to any person or corporation for the purpose of producing oil therefrom.

"The facts are not challenged on appeal. The facts appear substantially as stated here. The Gladewater School District No. 3 prior to 1923 was a school district under the general laws of the state situated wholly in Gregg County, Texas. By Act of 1923 the Legislature specially created and established, as a body-corporate, the Gladewater County Line Independent School District lying partly in Gregg County and partly in Upshur County. By that Act the board of trustees of the district was

given the management and control of the public free schools within the district created and such authority and powers as are conferred upon and held by school districts incorporated under the general laws of the state. It was not proven that there was inclusion within this district of the territory of the Gladewater School District No. 3.

"A. L. Hughes was the owner in fee simple of 91 acres of land, more or less, situated partly in the George Hampton and partly in the W. C. Wakeland Surveys in Gregg County. On July 22, 1911, he executed and delivered the deed reading:

" 'The State of Texas, County of Gregg.

" 'Know All Men by These Presents:

" 'That I, A. L. Hughes of the County of Gregg, State of Texas, for and in consideration of the sum of Twenty Five Dollars to me in hand paid by A. J. Holloway and Norman Wilson, the receipt of which is hereby acknowledged, have granted, sold and conveyed and by these presents do grant, sell and convey unto C. L. Bray, J. F. Phillips and E. W. Clements, Trustees of the Gladewater School District No. 3, for School purposes only for the Colored children of the County of Gregg, State of Texas, all that certain tract or parcel of land situated in Gregg County, Texas, and described as follows, to-wit:

" 'Beginning at the Southeast corner of A. L. Hughes land; Thence West 72 yards; Thence East 72 yards; Thence South 72 Yards to place of beginning, containing one acre of land.

" 'It is understood that the land is deeded to the Trustees for School purposes only for the Colored children of District No. 3 of Gregg County, Texas.

" 'To have and to hold the above described premises together with all and singular the rights and appurtenances thereto in anywise belonging unto the said C. L. Bray and others as Trustees of the Gladewater Schools, heirs and assigns forever; and I do hereby bind myself, heirs, executors and administrators, to warrant and forever defend, all and singular the said premises unto the said C. L. Bray and others, heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same or any part thereof.

" 'Witness my hand at Gladewater, Texas, this 22nd day of July, A.D. 1911.'

"By reference to other instruments in the evidence the one-acre tract above mentioned is a tract 72 yards square out of and located in the Southeast corner of the 91-acre tract owned by A. L. Hughes at the time. A cash consideration of $10.00

was actually paid for the acre of land by A. J. Holloway and Norman Wilson.

"On December 1, 1931, A. L. Hughes executed an oil and gas lease on the 91 acres of land, more or less, specially describing it, to the Humble Oil & Refining Company. A. L. Hughes retained a ⅛ royalty interest in the mineral estate in the land and the Rio Oil Corporation holds an assignment from A. L. Hughes of an interest out of his ⅛ oil royalty.

"It was proven that after the execution and delivery of the deed of July 22, 1911, to the Trustees of School District No. 3 the people living within the district at their own expense erected a school house on the land. The school house and the acre of land were used for school purposes continuously until the year 1922 when a new school house site was acquired on a different tract of land, and a new school house was erected on the new site acquired. Upon the completion of the new school house in 1922 this new building and the new school site was then used for school purposes of the district. After the building of the new school building on the new site the old school building located on the acre of ground conveyed by A. L. Hughes was torn down and moved away during the fall of the year of 1922. The acre of land on which the school building was located has not at any time since the tearing down of the school building in 1922 been used for any purpose by the Trustees of the Gladewater School District No. 3 or by the patrons of the school district or by the Gladewater County Line Independent School District. The facts established an abandonment of the land by the school district.

"It was shown the one-acre tract was located adjacent to a woodland of some five or six acres in the Southeast corner of the A. L. Hughes 91-acre tract, and that in the early part of the year 1931 A. L. Hughes built a fence around the woodland tract and including the one-acre tract upon which the school house had been located.

"The one-acre tract of land involved in the suit is located in proven oil-producing territory. The Humble Oil & Refining Company has six producing oil wells on the 91-acre tract."

■ It is definitely settled in this State that where a deed contains apt language denoting the grant of an unconditional fee estate in land, other language contained in the instrument, which merely denotes that the grant was made for a particular purpose is not regarded as implying that the grant is conditional. Texas & Pac. Ry. Co. v. Martin, 123 Texas, 383, 71 S. W. (2d) 867 and authorities there cited. The same rule applies

in construing a given provision for the purpose of ascertaining if it limits the duration of the grant. It is quite clear, therefore, that neither of the following clauses of the deed here under consideration imports either a condition subsequent or a limitation respecting the duration of the grant, namely: the granting clause which in terms denotes a grant "for school purposes only for the colored children of the County of Gregg," etc.; and the clause reading, "it is understood that the land is deeded to the trustees for school purposes only for the colored children of District No. 3 of Gregg County, Texas."

■ There is nothing in our statutes which incapacitates the trustees of a public school district from taking and holding in trust, for public school purposes, the fee estate in land. In fact our statutes expressly provide the contrary. See R. S., Articles 2756 and 2753. Where, therefore, the grant of a fee simple estate to school trustees, in trust for public school purposes, is unconditional, there cannot be a failure of the grant for want of a lawful grantee, nor will a reversion occur when the use of the land for public school purposes is abandoned.

The question arises, however, as to whether or not either of said provisions is a covenant imposing a restriction respecting the use of the land. Such a provision, so construed, would operate in derogation of the grant in fee simple which is effected by the instrument, consequently must not be so construed unless no other meaning reasonably appears. The application of this rule in the present instance leaves no room for argument. No one can doubt that each of said provisions is fairly susceptible of meaning merely to point out the object and beneficiaries of the trust created by the instrument. Given this meaning, neither of said provisions constitutes a covenant at all. Nothing else appears in the instrument tending to show that either of them was made for any other purpose than stated above.

The Court of Civil Appeals entered a judgment of reversal and remand in this case. The plaintiffs in error contend that said court committed reversible error in remanding the cause. The asserted ground for this contention is to the effect that there was no proof introduced by the Trustees of the Independent School District, the plaintiffs in the trial court, to show that said district as such, or the trustees thereof, were entitled to recover the land, even as against a trespasser. Consequently, so the plaintiffs in error say, the trial court could not have properly rendered any other judgment than one denying the said Independent School District, and its trustees, a recovery

of the land in controversy. In other words, the contention is that the Court of Civil Appeals has remanded the cause for a new trial, when no harmful error has been committed by the trial court in rendering judgment for the plaintiffs in error on their cross-action. Even should it be conceded that the absence of such proof does not go merely to the right of the plaintiffs to recover in the capacity in which they sue (See R. S. Art. 2010, subdivision 3), and should it be further conceded that the trial court would not have been justified in taking judicial knowledge of the territorial boundaries of the Independent School District and the inclusion therein of the original survey, granted by the State, in which the tract of land in controversy is located, still the contention must be overruled. We find in the record some evidence tending to show the fact that the plaintiff trustees have succeeded to the trust powers and duties originally conferred on the trustees of the other district.

The judgment of the Court of Civil Appeals, reversing the judgment of the trial court, and remanding the cause, should be affirmed.

Opinion adopted by the Supreme Court November 28, 1934.