

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

*In effect overruled by State v. University of Houston 264 S.W. 2d 153 (1954) error; n.r.e.*

January 29, 1952

Hon. William Schneider, Jr.
County Attorney
Gillespie County
Fredericksburg, Texas

Opinion No. V-1399

Re: Taxability of leasehold estate of tenant of an independent school district.

Dear Sir:

You have requested the opinion of this office as to the taxability of the leasehold estate of a tenant of the Fredericksburg Independent School District. The certified copy of the lease contract which you enclosed with your request shows that the lease is for a primary term of fifty years.

Article 7173, V.C.S., provides:

"Property held under a lease for a term of three years or more, or held under a contract for the purchase thereof, belonging to this State, or that is exempt by law from taxation in the hands of the owner thereof, shall be considered for all the purposes of taxation, as the property of the person so holding the same, except as otherwise specially provided by law. . . ."

Your specific question is stated as follows:

"In construing Article 7173, is the estate of the tenant acquired under the lease contract with Fredericksburg Independent School District subject to rendition and taxation as a leasehold estate?"

While the Legislature could subject leasehold interests in nonexempt property to taxation if it so chose, under the present scheme of taxation in force in this State the owner of the freehold of nonexempt property is liable for taxes on the entire value of the

property, even though it is under lease. Daugherty v. Thompson, 71 Tex. 192, 9 S.W. 99 (1888). See 40 Tex. Jur. 98, Taxation, Sec. 66. In order for the leasehold interest in the property in question to be taxable, it must come within the provisions of Article 7173. If this property is "exempt by law from taxation in the hands of the owner thereof" and if the Legislature has the power to tax a leasehold interest in the property, it would follow that the estate of the tenant would be taxable. It may be noted that the courts construe Article 7173 as authorizing the assessment of the property against the lessee not at the value of the freehold but only at the value of the leasehold estate. Daugherty v. Thompson, supra.

The property involved is a block of land located in the town of Fredericksburg. Originally designated and dedicated by the German Immigration Company as public property for educational purposes, this property has been under the control of the Fredericksburg Independent School District since its incorporation in 1885. The school district's title to the property was confirmed by a district court judgment rendered in 1920.

The lease contract shows that the Fredericksburg Independent School District has leased the land to an individual for a primary term of fifty years, the lessee agreeing to erect a building on the property. The lessee is to pay a stipulated monthly rental for a period of fifty years. Thereafter, the rental is to be determined by a rental committee appointed in a manner set out in the contract, the tenant having the privilege of surrendering the lease if the rental is not satisfactory to him. You state in your letter that the lessee has erected an office building on the premises.

It is evident that the school district is now using the property in question to produce revenue. The facts which have been submitted to us suggest that the school board has abandoned any plans which may have been formulated in the past to use the property as a school site; however, the present intention of the board in this regard presents a fact question w h i c h this office does not have the authority to decide. Also, we are not here passing on the liability

87

of the lessee for taxes on the improvements which he has placed on the land, since that question likewise depends upon the intention and agreement of the parties respecting title to the improvements. Edwards v. Thannisch, 254 S.W. 523 (Tex. Civ. App. 1923); Rogers v. Fort Worth Poultry & Egg Co., 185 S.W.2d 165 (Tex. Civ. App. 1945). If title to the building has presently vested in the school district, the building would be taxable in the same way as the land. On the other hand, if it remains the property of the lessee during the existence of the lease, he would be liable as owner for taxes thereon.

Independent school districts are empowered by statute to receive conveyances of property "for the benefit of the public schools," and their power of ownership is not limited to property actually used as school sites. Art. 2756, V.C.S.; Adams v. Miles, 35 S.W.2d 123 (Tex. Comm. App. 1931); Hughes v. Gladewater County Line Independent School Dist., 124 Tex. 190, 76 S.W.2d 471 (1934). Cf. Art. 2773a, V.C.S. It is clear, therefore, that the ownership and use of this property by the school district for a purpose other than as a school site is authorized by the statutes of this State. In this opinion we shall assume that the revenue derived from property belonging to a school district becomes a part of the local funds of the district and must be used for school purposes in accordance with the provisions of Article 2827, V.C.S. In any event, you have informed us that the rent from this property is being deposited to the local funds of the district and is being expended under the provisions of Article 2827.

The Constitution of Texas contains two provisions relating to the exemption of public property from taxation. Section 9 of Article XI provides:

"The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor. /sic/ Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to

the use and benefit of the public
shall be exempt from forced sale and
from taxation, provided, nothing
herein shall prevent the enforcement
of the vendors lien, the mechanics
or builders lien, or other liens now
existing."

This provision of the Constitution is self-executing and accords an absolute exemption to property coming within its terms. A. & M. Consolidated Independent School Dist. v. City of Bryan, 143 Tex. 348, 184 S.W.2d 914 (1945). In Lower Colorado River Authority v. Chemical Bank & Trust Co., 144 Tex. 326, 190 S.W.2d 48 (1945), it was held that the Lower Colorado River Authority was a governmental agency serving a public purpose and that its property was exempt from taxation under Section 9 of Article XI. On the authority of that case and State v. City of San Antonio, 147 Tex. 1, 209 S.W.2d 756 (1948), this office held in Att'y Gen. Op. V-1308 (1951) that "the exemption accorded by this constitutional provision extends to the property of any governmental agency which is devoted exclusively to the public use" and that the property of an independent school district used as a public school site was thereby exempt from all forms of taxation, including special assessments for improvements.

In Daugherty v. Thompson, supra, the Supreme Court held that the Legislature does not have the power to impose a tax upon a leasehold estate in property which is exempt under this constitutional provision, whether imposed on the owner or the lessee. This decision has been followed in Davis v. Burnett, 77 Tex. 3, 13 S.W. 613 (1890), and Continental Land & Cattle Co. v. Board, 80 Tex. 489, 16 S.W. 312 (1891). It necessarily follows that if Article XI, Section 9 exempts the property in question from taxation in the hands of the school district, the leasehold estate likewise is exempt. Daugherty v. Thompson involved county school lands alloted to counties under Article VII, Section 6 of the Constitution.[1] While the facts in the present inquiry

---

1/   Under a constitutional amendment adopted in 1926, agricultural and grazing lands which counties own as school lands are now taxable, except for State purposes, to the same extent as lands privately owned. Tex. Const., Art. VII, Sec. 6a.

may appear at first blush to be analogous to those in the Daugherty case, we have reached the conclusion that the character of county school lands held under grant from the State is different from that of lands held by an independent school district for the production of revenue. In that case the court observed that even in the absence of the provision in Article XI, Section 9, "looking to the policy which this state has steadily pursued in granting lands to counties for educational purposes, it could not well be held that the legislature intended by Article 4691 /R.S. 1879, now Art. 7173, R.C.S. 1925/ to impose a tax on school lands owned by counties even when leased; for taxes levied on such lands, while owned by counties, whether imposed on the counties or their lessee would but diminish the rental value of such lands, which it is not reasonable to suppose was intended when the sole purpose for which such liberal donations were made was to furnish the counties with a school fund."

While independent school districts are empowered to own land for the purpose of producing income, this method of raising revenue is extraneous to the established means of support of their schools. Independent school districts in the main derive their support from the State Available School Fund and other appropriations of State moneys, from the County Available School Fund (income from the permanent fund created under Article VII, Section 6 of the Constitution), and from local taxation. It is only in isolated and sporadic instances that school districts derive even a small part of their revenue from income on property which they own. The considerations of policy in the exemption of county school lands do not support a similar exemption for income-producing property of independent school districts. We conclude that Daugherty v. Thompson is not compelling authority for holding that the property in question is exempt from taxation. Consequently, we must make an independent determination of whether this property is "devoted exclusively to the use and benefit of the public."

The second constitutional provision relating to exemption of public property is Section 2 of Article VIII, Constitution of Texas, which provides, in part:

". . . the legislature may, by general laws, exempt from taxation public property

used for public purposes; actual places or /of/ religious worship, also any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; places of burial not held for private or corporate profit; all buildings used exclusively and owned by persons or associations of persons for school purposes and the necessary furniture of all schools and property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a State or National organization of like character; also the endowment funds of such institutions of learning and religion not used with a view to profit; and when the same are invested in bonds or mortgages, or in land or other property which has been and shall hereafter be bought in by such institutions under foreclosure sales made to satisfy or protect such bonds or mortgages, that such exemption of such land and property shall continue only for two years after the purchase of the same at such sale by such institutions and no longer, and institutions of purely public charity; and all laws exempting property from taxation other than the property above mentioned shall be null and void."

This section of the Constitution does not itself exempt any property from taxation, but authorizes the Legislature to exempt certain types of property. Acting under this authorization, the Legislature enacted Article 7150, V.C.S., which contains the

following provision:[2]

"The following property shall be exempt from taxation, to-wit:  . . .

"4.  All property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof, or the United States, . . ."

Article 7150 provides for an exemption of "all property belonging exclusively to this State, or any political subdivision thereof." An independent school district is a political subdivision of the State. King's Estate v. School Trustees of Willacy County, 33 S.W.2d 783 (Tex. Civ. App. 1930, error ref.).[3] If the exemption in subdivision 4 of Article 7150 could be given effect according to its terms, the property in question would be exempt from taxation in the hands of the owner. However, the property exempt under Section 9 of Article XI is property of counties, cities and towns owned and held only for public purposes and other property devoted exclusively to the use and benefit of the public; and the property which the Legislature may exempt under Section 2 of Article VIII is public property used for public purposes. Although the attempted exemption in

_____

2/  Article 7150 also contains a provision relating to exemption of property used for school purposes. Assuming that this provision includes property of an independent school district, the property in question clearly does not satisfy the conditions for exemption set out in the Constitution and Article 7150.

3/  While school districts are in a sense State agencies in that they are created for the purpose of carrying out a function of the State government, their status in relation to the State government is expressed in the following language from Hatcher v. State, 125 Tex. 84, 81 S.W.2d 499, 500 (1935): "School districts, whether independent districts or common school districts, are not primarily agencies of the state, but they are local public corporations of the same general character as municipal corporations."

This opinion is not to be understood as passing on the taxability of property owned by the State itself which is not used for a public purpose.

Article 7150 is broader than authorized, the provision is operative to the extent of the Legislature's power, that is, to exempt such property when used for public purposes. City of Abilene v. State, 113 S.W.2d 631, 636 (Tex. Civ. App. 1937, error dism.).

The authority to exempt property under Section 2 of Article VIII is to be exercised by the Legislature, and the Legislature has the power, within constitutional restrictions, to prescribe the conditions upon which an exemption is accorded.  Since the Legislature could either grant or withhold the exemption in the first place, it might also provide that the exemption would not extend to property which an exempt owner has leased to another person.  It follows that if property is exempt from taxation under Article 7150, V.C.S., solely by virtue of the authorization in Article VIII, Section 2 of the Constitution, the leasehold is properly taxable under Article 7173.

These two constitutional provisions, as well as the decisions construing them, make it clear that there are some types of publicly owned property which are not and cannot be exempt from taxation.[4]

We therefore have three possible situations in respect to the property under consideration:   (1) if it is exempt by virtue of Article XI, Section 9 of

---

[4]   Article VIII, Section 1, Constitution of Texas, provides that "all property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value."   In Daugherty v. Thompson, supra, the court stated that Section 1 of Article VIII "does not require property belonging to municipal corporations to be taxed."   However, Section 2 of Article VIII, after setting out the types of property which may be exempt, provides that "all laws exempting property from taxation other than the property above mentioned shall be null and void." It would appear that only such property as is exempt by the Constitution itself or as may be exempt by the Legislature under Section 2 of Article VIII can be relieved from taxation.  This is the only construction under which we can explain the numerous cases involving municipally owned property where the court found it necessary to decide whether the property was being used for a public purpose.

the Constitution, the leasehold estate is also exempt; (2) if the property is exempt in the hands of the school district by virtue of Article 7150, V.C.S., enacted pursuant to the authorization contained in Section 2 of Article VIII, the leasehold is taxable under Article 7173; (3) if the property is not being "devoted exclusively to the use and benefit of the public" or is not being "used for public purposes," it is not exempt in the hands of the school district and Article 7173 has no application.

We have not found where the courts of this State have ever been called upon to consider the precise question here involved. Indeed, not often has it been necessary for the courts to decide whether public property which has been held to be exempt came under Article XI, Section 9 of the Constitution or under Article VIII, Section 2 of the Constitution and Article 7150, V.C.S. See, for example, A. & M. Consolidated Independent School Dist. v. City of Bryan, supra.5 We may state some generalizations, however, which are pertinent to a solution of this question. In the first place, the exemption under either of these provisions is not limited to property which is used for governmental purposes. A. & M. Consolidated Independent School Dist. v. City of Bryan, supra. Secondly, the fact that the property produces revenue does not of itself prevent its being exempt, if the use to which the property is put meets the required test of being a public use. A. & M. Consolidated Independent School Dist. v. City of Bryan, supra; Lower Colorado River Authority v. Chemical Bank & Trust Co., supra; City of Abilene v. State, supra; State v. City of Houston, 140 S.W.2d 277 (Tex. Civ. App. 1940, error ref.).

---

5/  In Lower Colorado River Authority v. Chemical Bank & Trust Co., supra, the court repeated dictum in Daugherty v. Thompson to the effect that Article VIII, Section 2 applied to "property held in private ownership but used for purposes which give to it a public character." Under this view, the Legislature would be powerless to tax the leasehold estate in any publicly owned property which is exempt in the hands of the owner. The property involved in that case was actually being used in the performance of the functions for which the public agency was created and accordingly came within the exemption of property "devoted exclusively to the use and benefit of the public" under Section 9 of Article XI.

Upon reviewing all the cases which have been decided under the Constitution and statutes of this State, we find that publicly owned property which has been held to be exempt from taxation may be classified as follows:

1. Property used by the public or actually being put to use exclusively in carrying out a public function performed under the powers of a governmental agency, whether the function be governmental or proprietary. In this category we find such cases as Lower Colorado River Authority v. Chemical Bank & Trust Co., supra; Galveston Wharf Co. v. Galveston, 63 Tex. 14 (1884); Corporation of San Felipe de Austin v. State, 111 Tex. 108, 229 S.W. 845 (1921); City of San Antonio v. Earnest, 144 Tex. 83, 188 S.W.2d 775 (1945); City of Dallas v. State, 28 S.W.2d 937 (Tex. Civ. App. 1930, error ref.). This is an exemption granted by Section 9 of Article XI. Cf. A. & M. Consolidated Independent School Dist. v. City of Bryan, supra. Property devoted primarily to such a use, although used in part for other purposes, would also be exempt. See City of Abilene v. State, supra. Conceivably this latter exemption might in some situations come under Section 9 of Article XI and in others under Section 2 of Article VIII, but it is not necessary here to consider the exact boundaries of the exemption under each of the constitutional provisions in such instances.

2. Property which is a part of or stands in the place of a public fund. Cases illustrative of this classification include Daugherty v. Thompson, supra; City of Austin v. Sheppard, 144 Tex. 291, 190 S.W.2d 486 (1945), and other cases holding that property bought in at delinquent tax foreclosures is exempt. Cf. State v. City of Houston, supra; City of Sherman v. Williams, 84 Tex. 421, 19 S.W. 606 (1892). This exemption likewise results from Section 9 of Article XI.

3. Property which is intended for actual use in carrying out a public function where there has not been an abandonment of the intended use, although its actual use for that purpose is temporarily suspended. Cases of this nature include City of Abilene v. State, supra; State v. City of Beaumont, 161 S.W.2d 344 (Tex. Civ. App. 1942). This exemption is by virtue of Article VIII, Section 2 of the Constitution and Article 7150 of the Revised Civil Statutes.

It is obvious that the property leased by the Fredericksburg Independent School District for commercial development does not come within the first class of exempt property. Nor do we think it comes within the second class. All the cases in this class which have held such property to be exempt involve funds raised by taxes or other public money or, as in the case of Daugherty v. Thompson, property which is itself made a part of a fund created by law. The fact that the income from a school district's property held under a permissive ownership becomes a part of a fund used for the support of the public schools after it is collected is not sufficient to make the property itself a part of the fund or to make it represent any part of the fund.

As noted above, the courts of this State have never been called upon to decide the precise question presented in your request. Opinions of the Attorney General's Office have reached apparently conflicting results. Opinion O-4459 (1942) held that property devised to a county, the income from which was to be used for the support of a county hospital, was exempt, while Opinion O-4285 (1942) held that property devised to a city, the income from which was to be used for the support and improvement of the city's public parks, was not exempt. In Opinion V-447 (1947), rendered during the present administration, it was held that land originally acquired by a county for use as a poor farm was not exempt where the intended use had been abandoned, although the income from the property went into the county's charity fund.

The prevailing view in other jurisdictions is that property which is being held and used solely for the production of income is not exempt from taxation under constitutional and statutory provisions similar to those in force in this State, even though the income is used for a public purpose. School Dist. of Ft. Smith v. Howe, 62 Ark. 481, 37 S.W. 717 (1896); Robinson v. Indiana & A. Lumber & Mfg. Co., 128 Ark. 550, 194 S.W. 870 (1917); Board of Financial Control v. Henderson County, 208 N.C. 569, 181 S.E. 636 (1935); cf. Town of Hamden v. City of New Haven, 91 Conn. 589, 101 Atl. 11 (1917). See Notes, 3 A. L. R. 1439, 1449; 101 A.L.R. 787; 129 A.L.R. 480.

After considering all the authorities herein discussed, we have reached the conclusion that property

which an independent school district owns only for the purpose of producing income is not being used for a public purpose within the meaning of the Constitution and is not exempt from taxation in the hands of the owner. Consequently, the leasehold interest under a lease for a term of three years or more would not be taxable to the lessee. However, if the property is held for the eventual purpose of being used as a part of the school facilities, even though it is being leased temporarily, it is exempt from taxation in the hands of the school district under the provisions of Article VIII, Section 2 of the Constitution and Article 7150 of the Revised Civil Statutes, but it is not exempt under Article XI, Section 9 of the Constitution. In this event, the value of the leasehold interest under a lease for a term of three years or more is taxable to the lessee under Article 7173.

## SUMMARY

Property which an independent school district owns and holds only for the purpose of producing income is not exempt from taxation in the hands of the owner, and the leasehold interest under a lease for a term of three years or more is not taxable to the lessee. Property which is held for the eventual purpose of being used as a part of the school facilities, though leased temporarily, is exempt from taxation in the hands of the owner; and the value of the leasehold estate under a lease for a term of three years or more is taxable to the lessee under Article 7173, V.C.S.

APPROVED:

W. V. Geppert
Taxation Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

MKW:wb

Yours very truly,

PRICE DANIEL
Attorney General

By *Mary K. Wall*
Mary K. Wall
Assistant