THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 9, 1969

Hon. Tom Curtis
District Attorney
Potter County
County Courthouse
Amarillo, Texas   79101

Opinion No. M-429

Re:  Whether land conveyed to the
County Judge for courthouse
and jail purposes will revert
to the grantors when such land
ceases to be so used.

Dear Mr. Curtis:

Your recent opinion request states that a 1904 deed to the County Judge of Potter County covering the land in question provides in the granting clause that said land is "to be used for courthouse purposes, or courthouse and jail purposes." The habendum in the deed contains no limitations. The County proposes to build a new courthouse on other property and desires to sell the old courthouse tract. In a suit in 1905, in which grantors in such deed were parties, judgment was rendered that the County be forever quieted in its title and possession of said premises. The appeal in such suit is reported as Sanborn v. Bush, 91 S.W. 883 (Tex. Civ. App. 1905, error ref.).

Your first question inquires as to whether discontinuance of use of land for the purposes above mentioned will cause the land to revert to the grantors or their successors.

In Hughes v. Gladewater County Line Independent School District, 124 Tex. 190, 76 S.W.2d 471 (1934), the deed to the School District recited it was "for school purposes only for the Colored Children of the County of Gregg." The habendum contained no limitations. The Court held that the conveyance was in fee simple.

- 2139 -

The Hughes case was cited with approval in Haines v. McLean, 154 Tex. 272, 276 S.W.2d 777, 786 (1965).

This office held in Attorney General Opinion No. O-7265 that a deed to school trustees "for school purposes", with no limitation in the habendum, conveyed the fee.

It follows that in our opinion a deed to the County Judge of Potter County conveyed the fee title to the land in question, and the land will not revert when same ceases to be used for courthouse and jail purposes.

In view of our answer to your first question, it becomes unnecessary to answer your second question.

## SUMMARY

A deed to the County Judge covering land "to be used for courthouse purposes, or courthouse and jail purposes," with no limitation in the habendum clause, conveys fee simple title.

Respectfully submitted,

Crawford C. Martin
Attorney General of Texas

Prepared by J. Arthur Sandlin
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Bob Davis
Bill Allen
Scott Garrison
Tom Neely
Camm Iary

Hawthorne Phillips
Executive Assistant                    - 2140 -