COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

NO. 2-06-294-CV

 

 

THE
UNKNOWN STOCKHOLDERS                                         APPELLANTS

OF
THE K.M. VAN ZANDT LAND 

COMPANY
AND THE UNKNOWN 

HEIRS,
SUCCESSORS, AND 

ASSIGNS
OF THE UNKNOWN 

STOCKHOLDERS
OF THE K.M. 

VAN
ZANDT LAND COMPANY 

AND
EDMUND P. CRANZ AND 

NEIL L. VAN ZANDT                                                                             

 

                                                   V.

 

WHITEHEAD
EQUITIES, JV.;                                                APPELLEES

JAGEE
REAL PROPERTIES, L.P.; 

GARVIEW
PARTNERS, L.P.; 

SPOKANE
VENTURES, LTD., INC.; 

NONA,
INC.; WILL ED WADLEY; 

AND FPA FOUNDATION                                                                        

 

                                              ------------

 

            FROM THE 67TH DISTRICT
COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 








                                              ------------

Appellants, the unknown stockholders of the K.M. Van Zandt Land
Company (Athe Land
Company@) and the unknown heirs, successors, and assigns of the unknown
stockholders (Athe Unknown
Heirs@), and Edmund P. Cranz and Neil L. Van Zandt (Athe Cranz Appellants@), challenge the summary judgment granted for Appellees Whitehead
Equities, JV.; Jagee Real Properties, L.P.; Garview Partners, L.V.; Spokane
Ventures, Ltd., Inc.; Nona, Inc.; Will Ed Wadley; and FPA Foundation.  In one broad issue, the Unknown Heirs contend
that the trial court erred by granting summary judgment for Appellees.  The Cranz Appellants bring two issues,
arguing that the trial court erred by granting summary judgment and by granting
Appellees= peremptory
motion to strike Appellants= request for class certification. 
Because we hold that the trial court did not err by granting summary
judgment, we affirm. 

I. 
Facts and Procedural History

In the early part of the twentieth century, the Land Company dedicated
several additions, divided into lots, around the West Seventh Street area of
Fort Worth (Athe
subdivisions@) and
conveyed the real property under deeds containing restrictions against, among
other things, the sale of alcohol on the conveyed property (Athe Van Zandt deeds@).  The restrictions state, 








This
conveyance is however made upon the following condition  and limitations:  That if . . . intoxicating liquor shall ever
be sold upon said premises or any part thereof, then . . . the said premises
hereby conveyed shall thereupon immediately revert to the grantor herein and
its legal representatives, and the estate hereby granted shall thereupon
terminate.

 

The Land Company formally dissolved in 1947.








Appellees own tracts of land in Fort Worth that were conveyed to them
by deeds containing these provisions. 
Appellees filed suit seeking a declaratory judgment that the
restrictions in the deeds are invalid and unenforceable and to have the trial
court remove the encumbrance from the title to the property.  Prior to the instant suit, some other
property owners in the same area who held land under deeds from the Land
Company with these restrictions had brought suit against the corporation, its
directors, or its unknown shareholders to set aside the reversionary rights (as
Appellants call them) or restrictive covenants (as characterized by Appellees)
relating to their properties.  In each of
those cases, either the plaintiffs obtained a post-answer default judgment, or
the parties settled, with the defendants agreeing to the removal of the
restrictions.  In at least one case, the
trial court granted summary judgment for the plaintiffs, setting aside the Arestrictive covenants, conditions subsequent, and reverter clauses@ contained in the plaintiffs= deeds.  But the summary
judgment evidence here does not include the pleadings in that case, and so we
cannot say whether the restrictions at issue or the summary judgment grounds
asserted in that case were the same as those here.

Appellees moved for summary judgment on six grounds: (1) there are no
persons or entities with a right to enforce the restrictions; (2) Appellants
are collaterally estopped from contesting Appellees= claims concerning the invalidity and unenforceability of the
restrictions; (3) the restrictions are unenforceable due to Appellants= waiver and abandonment of the restrictions; (4) Appellants are
prevented from enforcing the restrictions due to the changed conditions that
make it impractical and inequitable to enforce the restrictions; (5) the
restrictions in question are barred by the rule against perpetuities; and (6)
the restrictions, if left in place, act as an impermissible restraint on the
alienation of the real property in question. 
The trial court granted summary judgment without specifying the grounds.

II. 
Standard of Review








A plaintiff is entitled to summary judgment on a cause of action if it
conclusively proves all essential elements of the claim.[2]  When reviewing a summary judgment, we
take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant=s favor.[3]  The summary judgment will be affirmed only if
the record establishes that the movant has conclusively proved all essential
elements of the movant=s cause of
action or defense as a matter of law.[4]

III. 
Analysis

In the Unknown Heirs= sole issue and the Cranz Appellants= first issue, they contend that the trial court erred by finding that
the deed restrictions created restrictive covenants and by granting summary
judgment on the ground that there are no persons or entities with a right to
enforce the restrictions.  We hold that the
trial court did not err by granting summary judgment regardless of whether the
restrictions are characterized as restrictive covenants or reversionary
interests.  













A court may refuse
to enforce a restrictive covenant where the parties entitled to enforce it have
acquiesced Ain such substantial violations within the
restricted area as to amount to an abandonment of the covenant or a waiver of
the right to enforce it@ or where Athere has been
such a change of conditions in the restricted area or surrounding it that it is
no longer possible to secure in a substantial degree the benefits sought to be
realized through the covenant.@[5]  In this case, Appellees introduced thousands
of pages of summary judgment evidence, including evidence relating to the
character of the neighborhood.  This
evidence includes a report from the Fort Worth Planning Department that
identifies West Seventh Street as a commercial corridor that the city wishes to
revitalize and finds that the corridor is an area Acharacterized by
predominantly commercial land uses,@ including
restaurants.  Appellees= evidence also
includes a newspaper article, two affidavits, alcoholic beverage receipts from
the Texas Comptroller of Public Accounts, and mixed beverage permits and wine
and beer retailer permits, which, when taken together, indicate that there are
over twenty businesses in and around the vicinity of Appellees= property that are
openly selling alcoholic beverages, at least twelve of which are on property
conveyed by the Land Company by deeds containing the same restrictions as those
at issue here.  Appellees also introduced
evidence of past trial court judgments setting aside the Van Zandt restrictions
on at least fifteen lots in and around the vicinity of Appellees= property.  This evidence shows that Appellees= property is
located in an area of predominantly commercial land use where the alcohol
restrictions have been violated openly and never judicially enforced.  It is no longer possible to realize whatever
benefits the grantor had hoped to receive or to impart to grantees by
preventing the sale of alcohol in the area because alcohol is being sold
throughout the area, and due to the restrictions having been previously
declared unenforceable on a number of lots throughout the Van Zandt
subdivisions, it is no longer possible for the area to be one where the sale of
alcohol is prohibited uniformly across the vicinity by restrictive covenants. 








Appellants cite Hemphill
v. Cayce[6]
in support of their arguments that the restrictions should not be held
unenforceable due to changed conditions or waiver and abandonment.  We do not find that case controlling.  That case addressed when a court should
refuse to enforce a covenant restricting property to residential use and held
that the presence of some businesses in or near the area is not enough to render
the area unsuitable for residential purposes absent some radical change in the
vicinity.[7]  That holding does not affect our decision in
this case where the restrictions at issue are against the sale of alcohol, not
commercial use, and where change in the vicinity (to one where alcohol is sold)
is neither trivial nor so far removed from Appellees= property so as
not to affect it.  

Finally, although
the Cranz Appellants state in their brief that the affidavit of Neil Van Zandt Acreates a fact
issue regarding the relevant conditions,@ they do not
explain how the affidavit raises a fact issue as to the sale of alcohol in the
area.  Van Zandt states in his affidavit
that he is familiar with the property Amade the subject
of@ this suit and
that A[t]o the best of
[his] knowledge none has ever been used for the sale of alcohol.@  This vague statement does not address the
specific, controverting summary judgment evidence of Appellees and does not
mention at all the sale of alcohol in the area on other properties not owned by
Appellees.  We hold that the trial court
did not err to the extent that it granted summary judgment on the ground that
if the restrictions in the Van Zandt deeds are restrictive covenants, they are
unenforceable. 








To the extent that
the restrictions can be construed as creating reversionary rights, the trial
court also did not err by granting summary judgment for Appellees.  Appellants
argue that the restrictions create rights of reentry that were distributed to
the Land Company=s
shareholders upon dissolution of the corporation, and therefore they, as former
shareholders or heirs of former shareholders, may enforce those rights.  The question before this court is not whether
a right of reentry is a property right that would be distributed to a company=s shareholders upon dissolution of the company; the question is
whether the grantor in this case (the Land Company) intended to create a right
of reentry that would be enforceable by its shareholders after its
dissolution.  We hold that it did not.








We initially note
that if the Land Company had intended to convey either an estate on condition
subsequent or a determinable fee subject to a conditional limitation,[8]
the deeds are unclear as to which was intended in that the deeds contain some
language that has been held to create a condition subsequent as well as some
language traditionally held to create a limitation.[9]  The Texas Supreme Court has held that where a
deed creates doubt as to whether the grantor intended a limitation or a
condition subsequent, the deed should be construed as creating a condition
subsequent,[10]
and so if the deeds create reversionary interests, the interests are rights of
reentry upon breach of condition subsequent. 
And we agree with Appellants that language similar to that of the Van
Zandt deeds has sometimes been determined to impart a condition subsequent,
although the law in this area is not clear or consistent.[11]









But the law does
not favor forfeiture provisions or restrictions on the use of conveyed
property.[12]  We construe deeds as a whole,[13]
keeping in mind that the parties to a deed Aintend every
clause to have some effect and in some measure to evidence their agreement.@[14]  Deed restrictions and forfeiture clauses are
strictly construed against the grantor, and any doubts as to the intentions of
the grantor will be resolved in favor of the grantee and Athe free and
unrestricted use of the premises.@[15]  








For example, the
Texas Commission of Appeals, faced with construing language appearing to create
a condition subsequent, held that the grantor intended by the condition to increase
the value of his other property in the area and that therefore the condition
only endured until the grantor=s purpose had been
met; thus, when the grantor owned no more property that would benefit from the
condition, the grantor could no longer enforce the condition.[16]  One court of appeals held that a provision
similar to the one in the Van Zandt deeds did not inure to the benefit of the
grantors= heir and could
not be enforced by the heir when the conveyance said only that upon breach of
the condition, the property would revert to the grantors.[17]  It has also been held that where a
restrictive clause states that the deed would become null and void if the deed=s condition was
breached by the Agrantee, his heirs[,] or legal
representatives,@ because the clause omitted the word Aassigns,@ any breach by an
assignee of the grantee would not cause a reversion.[18]









The deeds in this case state that upon breach of the deed
restrictions, the property conveyed would revert to Athe grantor herein and its legal representatives.@  The term Alegal representative@ has no fixed meaning in the law, but Texas case law suggests that the
term refers to Aone who is a
party substitute or one who can sue on another=s behalf@ or Aone who succeeds to a party=s legal rights, by reason of death, or the operation of law.@[19]  Texas statutes in some cases
define when a person may act for another as a legal representative.[20]  Under the common law, Awhen there is nothing in the context to control its meaning, its
primary and ordinary meaning is >executors and administrators.=@[21]  








Courts generally distinguish between a person acting in his own right
and one acting as the legal representative of another.[22]  Although the term may be construed more
broadly where it appears a broader construction was intended,[23]
in this case, we must resolve any doubt about the grantor=s intention against the grantor. 
A corporation=s
shareholders may, in some circumstances, represent the corporation, but in that
case, the shareholders act for the corporation and not themselves.[24]  Former shareholders of a corporation, after
that corporation=s
dissolution and period of winding up, do not represent the corporation.[25]  Thus, if the Land Company had intended the
right of reentry to pass to and be enforceable by its former shareholders after
dissolution, it would have made such intention clear, for example, by the use
of the term Asuccessors@ or Ashareholders
upon dissolution.@[26]  We hold that the term Alegal representatives,@ as used in the Van Zandt deeds, does not include Appellants.













Further, although
the restriction in each deed states that it is binding on the grantee and any
of his heirs, legal representatives, and assigns thereafter, the deed does not
use such terms as Asuccessors@[27] and Aassigns@ in describing to
whom the estate would revert upon breach of the condition, even though some of
the deeds by which the Land Company conveyed property in the Van Zandt
subdivisions were executed after it was judicially determined that in Texas,
rights of reentry are assignable,[28]
and even though a dissolved corporation=s successors can
be its shareholders.[29]  We think it relevant that the list of those
against whom the restriction would run included not just the grantee but all
those that could take from the grantee, but the list of those to whom the
property could revert was much more limited.[30]  Under the language of the deeds, Appellants
only hold the rights of reentry from the deeds in this case if they are Athe grantor@ or Aits legal
representatives.@ 
Appellants are clearly not the Land Company, and we have already held
that they are not its Alegal representatives.@

Construing the
deed as a whole, and resolving any doubt against the grantor and in favor of
the grantee and the free and unrestricted use of the property, we hold that the
restriction was intended to benefit the Land Company only while it continued in
existence, engaging in the business of selling real estate, and was not
intended to exist perpetually for the benefit of its former stockholders and
their heirs.  The Land Company has been
dissolved and its affairs wound up, and Appellants are not entitled to enforce
the restrictions.








Appellants argue
that reversionary rights may be devised, conveyed, or assigned and that when
the company dissolved, the reversionary rights in this case were distributed to
the shareholders as a matter of law.  The
fact that a right of reentry may be devised, conveyed, or assigned does not
compel a holding that, in this case, the grantor intended to create a right of
reentry that would be inherited, conveyed, or assigned or that Appellants now
hold that right.  Appellants point to
summary judgment evidence of a probate court judgment stating that reversionary
rights were vested as a matter of law in the shareholders of the Land Company
upon the company=s dissolution.  That judgment does not set forth the deed
language creating the reversionary rights at issue in that case, so even if the
probate court was correct that a right of reentry passes to shareholders upon a
company=s dissolution, it
is not relevant to a determination in this case of whether the grantor intended
the right of reentry to be enforceable by its successors.  And we note that the language of that probate
judgment indicates that the condition related to whether the property at issue
was used for school purposes.








Similarly,
Appellants argue that the deeds did not have to state that the property would
revert to the grantor or its Aheirs@ because
corporations do not have Aheirs@; but even if the
word Aheirs@ is not required
to make valid a right of reentry in a deed from a corporation, because the
language of the deed shows no intention to allow successors to hold or enforce
that right, we will not create one.[31]








Finally,
Appellants argue that Appellees have judicially admitted that Appellants are
successors to the rights of reentry. 
They base their argument on the fact that Appellees argued that
Appellants are collaterally estopped by earlier judgments Abecause they are
successors in interest who derived their claims either through the [Land]
Company . . . or earlier unknown heirs and stockholders.@  Again, even if Appellants are correct that
Appellees judicially admitted that Appellants are the successors in interest to
the Land Company, that does not require a holding that Appellants hold rights
of reentry to Appellees= property that they are entitled to
enforce or that the Land Company intended for its successors to hold such
rights.  We have held that the Land
Company=s deeds evidence
no such intention.  We therefore hold that
the trial court could have properly granted summary judgment on the ground that
Appellants do not have a right to enforce the
restrictions.  We overrule the Unknown Heirs= sole issue and
the Cranz Appellants= first issue on the ground that Appellants
are not entitled to enforce the deed restrictions, and we do not reach
Appellants= other arguments with respect to the deed
restrictions.[32]

In their second
issue, the Cranz Appellants=s assert that the
trial court erred by granting Appellees=s motion to strike
the Cranz Appellants= request for class certification.  Because we
have held that the trial court did not err by granting summary judgment for
Appellees, we overrule this issue as moot.[33]

IV.  Conclusion

Having overruled Appellants= issues, we affirm the trial court=s judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL B:   DAUPHINOT, HOLMAN, and
GARDNER, JJ.

DELIVERED: June 19, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P. 166a(a), (c); MMP, Ltd.
v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).





[3]IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143
S.W.3d 794, 798 (Tex. 2004).





[4]City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex.  1979).





[5]Cowling
v. Colligan, 158 Tex. 458, 461B62,
312 S.W.2d 943, 945 (1958).





[6]197
S.W.2d 137, 141 (Tex. Civ. App.CFort Worth 1946, no writ).





[7]Id. at
140B41.





[8]See
Field v. Shaw, 535 S.W.2d 3, 5 (Tex. Civ. App.CAmarillo
1976, no writ) (AA
conditional limitation exists when the estate is limited by the happening of an
event which, when it occurs, terminates the estate without the necessity of
reentry. A condition subsequent designates an event which, when it happens,
gives the grantor the right to terminate the estate by reentry.@);  James v. Dalhart Consol. ISD, 254
S.W.2d 826, 829 (Tex. Civ. App.CAmarillo 1952, writ ref=d)
(defining a Adeterminable
fee@ as Aan
estate which could remain forever or which could terminate on the happening of
the contingency limiting the estate@ and noting that A[a]lthough
the whole estate was in the grantee or owner, the possibility of reverter
remained in the grantor@). 





[9]Lawyers
Trust Co. v. City of Houston, 359 S.W.2d 887, 890 (Tex.
1962).





[10]Id.





[11]See
id. (construing as a condition subsequent a provision in a deed that if
conveyed property ceased to be used for its designated purpose, title to the property
would vest in the grantor); Stevens v. Galveston, H. & S.A. Ry. Co.,
212 S.W. 639, 644B45
(Tex. Comm=n.
App. 1919, judgm=t
adopted).  But see, e.g., Ragland v.
Overton,  44 S.W.2d 768, 771 (Tex.
Civ. App.CAmarillo
1931, no writ) (treating a restriction similar to that of the Van Zandt deeds
as importing a restrictive covenant).





[12]Wichita
Falls Grain Co. v. Taylor Foundry Co., 649 S.W.2d 798, 800 (Tex.
App.CFort
Worth 1983, writ ref=d
n.r.e.) (AIt is
well settled that the law does not favor forfeitures, that a deed will be
construed to avoid a forfeiture if possible, and that forfeiture provisions
will be construed most strongly against the grantor.@), Knight
v. Chicago Corp., 183 S.W.2d 666, 671 (Tex. Civ. App.CSan
Antonio 1944), aff=d, 144
Tex. 98, 188 S.W.2d 564 (1945); see also Hearne v. Bradshaw, 158
Tex. 453, 456, 312 S.W.2d 948, 951 (1958) (AConditions subsequent are not
favored by the courts.@).





[13]Bennett
v. Tarrant County Water Control & Improvement Dist. No. One, 894
S.W.2d 441, 446 (Tex. App.CFort Worth 1995, writ denied)
(AIn
seeking to ascertain the intention of the parties, the court must attempt to
harmonize all parts of the deed.@).





[14]Altman
v. Blake, 712 S.W.2d 117, 118 (Tex. 1986).





[15]Ragland, 44
S.W.2d at 771; see also Stevens, 212 S.W. at 644 (noting that because
forfeitures are not favored, language ordinarily used to create a condition
subsequent is strictly construed against the grantor).  





[16]See Stevens, 212 S.W. at 645 (holding that
where the grantors in the deeds at issue did not appear to have had any
interest in the conditions expressed in the deeds other than the enhancement in
value of their other property that would result from the compliance with the
conditions, and where the grantors had subsequently conveyed all their other
property that was expected to benefit from the conditions, the grantors had no
interest in further compliance with the conditions), Maddox v. Adair, 66
S.W. 811, 813B14 (Tex. Civ. App.CDallas 1901, writ ref=d) (same).





[17]Daggett v. City of Fort Worth, 177 S.W. 222, 223 (Tex. Civ. App.CAmarillo 1915, no writ).





[18]Ragland, 44 S.W.2d at 771.





[19]McMahan
v. Greenwood, 108 S.W.3d 467, 488B89
(Tex. App.CHouston
[14th Dist.] 2003, pet. denied).





[20]See,
e.g., Tex. Rev. Civ. Stat. Ann.
art. 1302‑2.06 (Vernon 2003) (stating that a domestic entity may in some
cases bring suit against its managerial officials either by acting directly or
through Aa
receiver, trustee, or other legal representative@)
(emphasis added); Tex. Prop. Code Ann. '
54.006 (Vernon 2007) (distress warrant may be applied for by a person to whom
rent is payable under a lease or by the person=s Aagent,
attorney, assign, or other legal representative@)
(emphasis added); Tex. Lab. Code Ann.
'
503.071 (Vernon 2006) (stating that the attorney general is the legal
representative of the institutions of the University of Texas System and may
bring and defend all suits necessary to carry out the purposes of that chapter
of the labor code); Tex. Water Code Ann.
' 26.022(c)
(Vernon 2008) (with respect to notice of hearings, A[i]f
the party is not an individual, the notice may be given to any officer, agent,
or legal representative of the party@).





[21]McMahan, 108
S.W.3d at 487B88; see
also Newton v. Newton, 77 Tex. 508, 511, 14 S.W. 157, 158 (1890) (AExecutors,
administrators, and, if there be neither, the heirs, are the legal
representatives of a deceased person@).





[22]See,
e.g., Hanover Ins. Co. v. Hoch, 469 S.W.2d 717, 724 (Tex. Civ. App.CCorpus
Christi 1971, writ ref=d
n.r.e.) (holding that the Dead Man=s Statute did not exclude
testimony as to conversations with the decedent where the third-party
defendants were sued in their individual capacities and not as legal
representatives of the decedent=s estate).





[23]McMahan, 108
S.W.3d at 491 (noting that the Aprimary meaning of the term >legal
representatives=
would, of course, yield to a context which clearly showed a different meaning
was intended@). 





[24]See,
e.g., El T. Mexican Rests., Inc. v. Bacon, 921 S.W.2d 247, 251,
253 (Tex. App.CHouston
[1st Dist.] 1995, writ denied) (noting that if a corporation=s
charter has been forfeited, title to the corporations=
assets is bifurcated, with beneficial title in the shareholders, and in that
case, a shareholder may sue on the corporation=s
behalf, as the corporation=s representative, but it may
not sue to recover individually).





[25]See
Sugg v. Smith, 205 S.W. 363, 370 (Tex. Civ. App.CAustin
1918, writ ref=d) (A[W]hen
corporations die or cease to exist they have no heirs who inherit their
property or their rights. Their assets belong to the stockholders
. . .; [but] the stockholders do not constitute the corporation or
its legal representative further than is necessary for the protection of
their rights as stockholders.@) (emphasis added).





[26]Anderson
v. New Prop. Owners= Ass=n of
Newport, Inc., 122 S.W.3d 378, 385B86
(Tex. App.CTexarkana
2003, pet. denied) (discussing deed restrictions filed by the corporation
developing a subdivision, which the corporation had provided would Ainure
to the benefit of the Corporation, its successors and assigns@)
(emphasis added).





[27]See El
T. Mexican Rests., Inc., 921 S.W.2d at 253, n.10 (stating that, had the
sole shareholder of a corporation dissolved the corporation, he would have Aproperly
acquired both its assets and its liabilities@ and become the corporation=s
successor in interest); Christopher
Gustavus Tiedeman & Edward Joseph White, The American Law of Real Property
' 30
(1906) (AAnd
if the conveyance be to a corporation the word >successors=
takes the place of >heirs,=
since a corporation cannot have heirs.@).





[28]Perry v. Smith, 231 S.W. 340, 344 (Tex. Comm=n App. 1921, judgm=t adopted).





[29]Compare
El T. Mexican Rests., Inc, 921 S.W.2d at 253B54
(stating that if the corporation at issue had been dissolved, its sole
shareholder would have been the corporation=s successor in interest, but
because the shareholder had not yet dissolved the corporation, the shareholder
was not a successor in interest); and Tex.
Bus. Corp. Act Ann. art. 5.06 (Vernon 2003) (stating that when two
corporations merge, the surviving or new corporation owns the property of the
merged corporations, unless the property is otherwise provided for in the plan
of merger), and Int=l Ass=n of
Machinists, Lodge No. 6 v. Falstaff Brewing Corp.,
328 S.W.2d 778, 781 (Tex. Civ. App.CHouston 1959, no writ)
(holding that as applied to corporations, the term Asuccessor@ Adoes
not ordinarily connote an assignee, but is normally used in respect to
corporate entities, . . . and does not contemplate acquisition by ordinary
purchase from another corporation, and, in respect to natural persons, is apt
and appropriate term to designate one to whom property descends or estate of
decedent@). 





[30]See
Dilbeck v. Bill Gaynier, Inc., 368 S.W.2d 804, 808 (Tex.
Civ. App.CDallas
1963, writ ref=d
n.r.e.) (stating that the court did not believe that the appellant grantors
contemplated forfeiture of the conveyed property and noting that A[i]f
appellants had any such intention it could easily have been expressed in the
deed@ and
that A[i]ts
omission, while not controlling, is significant@).





[31]See
Gladewater County Line ISD v. Hughes, 59 S.W.2d 351, 354 (Tex.
Civ. App.CTexarkana
1933), aff=d, 124
Tex. 190, 76 S.W.2d 471 (1934) (A[A] deed will not be
construed to create an estate on condition or limitation unless language is
used which . . . , from their own force, imports a condition or limitation or
the intent of the grantor to make a conditional estate is otherwise clearly and
unequivocally indicated.@). 





[32]See Tex. R. App. P. 47.1.





[33]See id.